56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William D. DAVIS, Defendant-Appellant.
 No. 94-10386.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William D. Davis appeals his sentence of 151 months imposed after we remanded his case for resentencing. Davis was convicted, following a jury trial, for conspiracy to distribute and distribution of cocaine base in violation of 21 U.S.C. Secs. 841(a)(1), 846. Davis contends that the district court erred by refusing to depart downward based on a variety of factors and denying a three-level downward adjustment for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 A. Scope of the Resentencing Proceeding
 
 3
 The government argues that Davis is precluded from raising new sentencing issues because our previous decision in United States v. Davis, 36 F.3d 1424, 1435 (9th Cir. 1994), cert. denied, 115 S. Ct. 1147 (1995), limited the scope of remand to correction of Davis's offense level. We disagree.
 
 
 4
 When a district court imposes a sentence in excess of its authority, we generally vacate the entire sentence and remand for resentencing. United States v. Ponce, Nos. 93-50734, 93-50748, 94-50075, slip op. 3353, 3361 (9th Cir. March 27, 1995). If a remand order does not expressly or impliedly limit the scope of remand, the district court must conduct a de novo resentencing. Id. (no clear evidence of a limited remand where decision stated that sentence should be recalculated); see also United States v. Caterino, 29 F.3d 1390, 1395 (9th Cir. 1994) (finding no limited remand because parties and district court interpreted remand order broadly).
 
 
 5
 In Davis's first appeal, we affirmed his conviction, but vacated his sentence because of an erroneous finding as to the amount of crack Davis distributed. Davis, 36 F.3d at 1434. We remanded "for resentencing based on the correct amount of crack" without clearly limiting the scope of remand to this correction. Id.; see also Ponce, slip op. at 3361-62. Furthermore, neither Davis, the government, nor the district court considered the remand order as a limited one. See Caterino, 29 F.3d at 1395. Thus, we proceed to consider the sentencing issues Davis raised at the resentencing and on this appeal. See Ponce, slip op. at 3361-62; Caterino, 29 F.3d at 1395.
 
 B. Downward Departure
 
 6
 Davis contends that he should have received a downward departure because of (1) the government's sentencing entrapment under U.S.S.G. Sec. 5K2.0,[1] (2) the government's misconduct under U.S.S.G. Sec. 5K2.12, (3) Davis's lack of culpability pursuant to U.S.S.G. Sec. 3B1.4, and (4) the combination of above mentioned factors. We lack jurisdiction to review Davis's contention. See United States v. Pinto, 48 F.3d 384, 388-89 (9th Cir. 1995) (we lack jurisdiction to review district court's discretionary refusal to depart downward); United States v. Staufer, 38 F.3d 1103, 1105 06 (9th Cir. 1994) (denial of downward departure was reviewed where district court believed that it lacked legal authority to depart on basis of sentencing entrapment). The record does not indicate that the district court believed that it was barred from departing downward as a matter of law. The district court considered the grounds advanced by Davis as "able arguments," but rejected them because "none of the grounds cited for a departure [were] meritorious or mandated even within the discretion of this court by law." See Pinto, 48 F.3d at 388-89; Staufer, 38 F.3d at 1105-06.
 
 C. Acceptance of Responsibility
 
 7
 Davis contends that the district court erred by refusing him a reduction in his offense level for acceptance of responsibility under U.S.S.G. Sec. 3E1.1 because he submitted a declaration acknowledging the wrongfulness of his conduct on the date of his resentencing. His contention lacks merit.
 
 
 8
 Whether a defendant is entitled to an acceptance of responsibility reduction is a factual determination, subjected to the clearly erroneous standard of review. United States v. Kimple, 27 F.3d 1409, 1412 (9th Cir. 1994). "If the defendant clearly demonstrates acceptance of responsibility for his offense," he is entitled to a decrease in his offense level. U.S.S.G. Sec. 3E1.1(a) (Nov. 1, 1993). When determining the defendant's entitlement, the district court can consider "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." U.S.S.G. Sec. 3E1.1, comment. (n.1(h)); see also United States v. Narramore, 36 F.3d 845, 846 (9th Cir. 1994) (acceptance untimely under U.S.S.G. Sec. 3E1.1(b) when government has begun seriously to prepare for trial).
 
 
 9
 At Davis's original sentencing, the district court decided, and we affirmed, that Davis was not entitled to an acceptance of responsibility reduction.[2] At the resentencing, the district court again rejected Davis's acceptance of responsibility argument, finding that "the timeliness of that acceptance ... weigh[ed] against granting a further adjustment in the offense level." The district court's finding was not clearly erroneous because Davis's contribution came after his conviction, after his original sentencing, and on the date of his resentencing. See U.S.S.G. Sec. 3E1.1, comment. (n.1(h)); see also Narramore, 36 F.3d at 846; Kimble, 27 F.3d at 1409.
 
 
 10
 Davis argues that his remorse came on the date of the resentencing because he was exercising his constitutional rights. There is no evidence that the district court weighed Davis's exercising his constitutional rights against him when deciding his entitlement to an offense level reduction. See Narramore, 36 F.3d at 847 (failure to comply with timeliness requirement under U.S.S.G. Sec. 3E1.1(b) makes defendant ineligible for leniency it provides); United States v. LaPierre, 998 F.2d 1460, 1467 (9th Cir. 1993) ("the exercise of rights may diminish the defendant's chances of being granted the two level reduction, not because it is weighed against him but because it is likely that there is less evidence of acceptance to weigh in his favor") (quotation omitted).
 
 
 11
 Davis also argues that the district court's statement of "a further adjustment" was inaccurate because Davis "received no adjustment at his resentencing." Contrary to Davis's argument, he received an adjustment to his base offense level based on the reduced amount of crack distributed.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Davis's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Davis's sentencing entrapment argument is not convincing. We have held that "Davis certainly was not entitled to a finding of entrapment as a matter of law" because there was "absolutely no evidence" that Davis was entrapped. Davis, 36 F.3d at 1431
 
 
 [2]
 The government appears to argue that the law of the case doctrine precludes the reconsideration of this issue. We assume without holding that the newly submitted declaration constitutes evidence substantially different from that presented in previous proceedings; thus, we need not follow our previous holding. See Hegler v. Borg, No. 94-55450, slip op. 3339, 3346-47 (9th Cir. March 27, 1995)