59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas David HOCK, Defendant-Appellant.
 No. 94-10301.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1995.
Decided June 26, 1995.
 
 Before: SCHROEDER, BEEZER and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Douglas Hock appeals his convictions and sentence under the guidelines for two counts of possession with intent to distribute methamphetamine (21 U.S.C. Sec. 841(a)(1)) and one count of carrying a firearm in relation to a drug trafficking offense (18 U.S.C. Sec. 924(c)(1)). Hock argues (1) that the district court erred in refusing to accept the sentence recommended in a plea agreement, (2) that the provisions of the United States Sentencing Guidelines applicable to his drug offenses are invalid because they conflict with federal statute, and (3) that the district court erroneously imposed consecutive terms of supervised release.
 
 
 3
 We have jurisdiction over Hock's appeal under 28 U.S.C. Sec. 1291. Although the notice of appeal was filed the day before the judgment was actually entered, we treat the notice as though it was timely filed. Fed. R. App. P. 4(b). We affirm Hock's conviction and term of imprisonment, but vacate the supervised release portion of his sentence and remand for the imposition of concurrent terms.
 
 
 4
 * Whether the district court is obligated to enforce a plea agreement is a question of law, which we review de novo. United States v. Fagen, 996 F.2d 1009, 1013 (9th Cir. 1993). Whether a district court has the power to enforce a plea agreement is also reviewed de novo. See id. (questions of law reviewed de novo).
 
 
 5
 Hock's argument is not that the district court was obligated to enforce the plea agreement, but rather that the district court erroneously believed that it could not enforce the agreement. We conclude that this determination is irrelevant; the district court lacked the power to enforce the agreement.
 
 
 6
 Hock argues that the district court had two avenues through which it could have sentenced him in accordance with the plea agreement: (1) to accept the parties' factual stipulation as to the amount and type of narcotic involved and accept the parties' nonbinding sentence recommendation, calculated in accordance with the stipulated facts, or (2) to accept the sentence recommendation as a "justifiable" departure from the guidelines. The guidelines contain policy statements which controlled the district court's decision whether to follow either route.
 
 
 7
 * Section 6B1.4 governs the district court's ability to accept factual stipulations in plea agreements. Subsection (d) provides "[t]he court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing." The commentary to that subsection clarifies that "[e]ven though stipulations are expected to be accurate and complete, the court cannot rely exclusively on stipulations ...." U.S.S.G. Sec. 6B1.4 (commentary) (emphasis added); see also U.S.S.G. Sec. 6B1.1(c) (district court shall consider presentence report before accepting nonbinding sentence recommendation); United States v. Howard, 894 F.2d 1085, 1089 (9th Cir. 1990) (explaining that the district court should not rely exclusively on stipulation in determining facts relevant to sentencing).
 
 
 8
 These provisions make it clear that the district court may not uncritically accept the stipulated facts of a plea agreement, but must consider the presentence report as well and draw its own conclusions. That is exactly what the district court correctly did here. This requirement would be rendered useless if the district court, after considering a stipulation and finding it not to be "accurate and complete," could nevertheless accept and be bound by the stipulation.
 
 
 9
 Here, the parties' stipulation was "accurate;" Hock had possessed approximately 466 grams of a mixture containing methamphetamine. It was not, however, "complete." In order correctly to apply the sentencing guidelines, the purity of the mixture must be assessed, and an alternate base offense level must be determined on the basis of the amount of "actual" methamphetamine present. The parties' stipulation did not allow this. In these circumstances, the parties' stipulation was in violation of Sec. 6B1.4(a), which provides "stipulations shall ... (2) not contain misleading facts ...."
 
 
 10
 The parties' stipulation was misleading when considered in regard to the mandatory application of the sentencing guidelines. The district court had no power to accept the factual stipulation under U.S.S.G. Sec. 6B1.4(a)(2).
 
 B
 
 11
 Hock argues that the district court was nevertheless entitled to accept the sentence recommended in the plea agreement under U.S.S.G. Sec. 6B1.2(b)(2). That section provides "the court may accept the recommendation if the court is satisfied that ... (2) the recommended sentence departs from the applicable guideline range for justifiable reasons."
 
 
 12
 This section allows a district court to accept a nonbinding sentence recommendation that includes a proper departure from the guidelines under 18 U.S.C. Sec. 3553(b). See U.S.S.G. Sec. 6B1.2 (commentary). Neither party argued before the district court that the facts of this case justified a downward departure from the guideline range. Hock makes no such argument on appeal, simply arguing that the recommended sentence was "justifiable" because Hock, the government and the district court all expressed the view that the sentence required by the guidelines was Draconian. This contention is unavailing. The district court expressly held at the post-trial sentencing hearing that no downward departure was justified by the facts of the case. ("I acknowledge to you, and to the 9th Circuit, that I have the discretion to depart. I just don't believe it would be appropriate here.") While this statement was not made at the time the district court rejected the plea agreement, it is informative regarding the court's view of the record.
 
 
 13
 To the extent Hock is arguing the district court had the power to depart downward in order to accept the recommended sentence, that argument is made for the first time on appeal and Hock identifies no proper grounds for such a departure. To the extent that Hock is arguing that the district court improperly refused to depart downward, that decision is unreviewable on appeal. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir. 1992), cert. denied, 113 S. Ct. 1665 (1993).
 
 
 14
 Neither party identified any proper grounds for a downward departure from the guideline range before the district court. Hock's argument that the district court could have accepted the recommended sentence under Sec. 6B1.2(b)(2) is without merit.
 
 II
 
 15
 Hock's argument regarding the alleged inconsistency between Sec. 2D1.1 of the guidelines and 18 U.S.C. Sec. 841(a)(1) is foreclosed by circuit precedent. See United States v. Alfeche, 942 F.2d 697, 698 (9th Cir. 1991). In Alfeche, this court held that Sec. 841(a)(1) allowed the extraction of "pure" methamphetamine from a mixture for the purposes of sentencing. Id. (construing mandatory minimum sentence requirements). This is precisely what Hock argues that section does not allow.
 
 
 16
 Hock argues that Alfeche is wrong. As only an en banc panel can consider that argument, we reject Hock's contention.
 
 III
 
 17
 The government agrees with Hock that the case should be remanded for the limited purpose of resentencing Hock to concurrent terms of supervised release. The district court correctly applied circuit precedent at the time of sentencing, which interpreted U.S.S.G. Sec. 5G1.2 to require consecutive terms of supervised release where a statute required mandatory consecutive terms of imprisonment. See United States v. Shorthouse, 7 F.3d 149, 152 (9th Cir. 1993), cert. denied, 114 S. Ct. 1838 (1994). The Sentencing Commission subsequently overruled Shorthouse. U.S.S.G. Appendix C., Amendment 507 (1994). The amendment specifically states that it is intended to clarify that "multiple terms of supervised release ... run concurrently in all cases." Id. We give clarifying amendments retroactive effect. United States v. Garcia-Cruz, 40 F.3d 986, 989 (9th Cir. 1994).
 
 
 18
 In accordance with Hock's argument and the government's concession, we vacate the supervised release portions of Hock's sentence and remand to the district court for the imposition of concurrent terms of supervised release.
 
 
 19
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3