■ 18 U.S.C. § 3561 is headed "Sentence of probation" and provides for

such a sentence "unless ... the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." *Id.* at (a)(3). The statute precludes the imposition of both probation and straight imprisonment. Forbes's objection to the sentence was unclear, but the error is plain and meets the criteria of *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ The government points to 18 U.S.C. § 3563(b), which does permit as a condition of probation a sentence to the custody of the Bureau of Prisons "during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense...." No doubt Forbes could have been imprisoned nights or weekends but a straight sentence of six months is not the intermittent incarceration that this statute permits.

At resentencing the court will have the opportunity to reassess the psychological condition and progress of the defendant.

The sentence is VACATED; the case is REMANDED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Douglas David HOCK, Defendant–Appellant.**

No. 98–10270.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 1999.

Decided April 2, 1999.

678

David M. Porter, Assistant Federal Defender, Sacramento, California, for the defendant-appellant.

Samantha S. Spangler, Assistant United States Attorney, Sacramento, California, for the plaintiff-appellee.

Before: WOOD, JR.,* THOMPSON, and THOMAS, Circuit Judges.

WOOD, JR., Circuit Judge:

Defendant-appellant, Douglas David Hock, was convicted after a jury trial of two counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and one count of using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). After the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the parties filed a joint stipulation asking the court to vacate Hock's § 924(c)(1) conviction. The court did so and then resentenced Hock on the drug charges. On appeal, Hock argues that the district court lacked jurisdiction to resentence him on the unchallenged convictions and contends that the district court erred in refusing to grant Hock's requests for additional downward departures.

## I. BACKGROUND

On October 5, 1993, the Sacramento County Sheriff's Department was conducting an investigation which focused on a particular unit, apartment # 4, of an apartment complex in Sacramento County, California. When officers approached the complex to question a resident of apartment # 4, they observed Douglas David Hock, who occupied apartment # 3, run out of the back door of his unit. Hock was wearing socks but no shoes and was carrying several items. Hock climbed over a

---

* The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation.

fence and either threw or dropped a package near the fence. One of the officers recovered the package which later was determined to contain 387.2 grams of 96 % pure methamphetamine. The officers attempted to detain Hock but he eluded them. The officers then obtained a search warrant for Hock's apartment. The search uncovered three firearms, narcotics paraphernalia, and narcotics including 26.37 grams of 90 % pure methamphetamine and 26 grams of 93 % pure methamphetamine. The officers also discovered a video monitor in the bedroom which was connected to a camera that was positioned to monitor the complex's parking area.

Hock was apprehended on a state arrest warrant on November 22, 1993. At that time, the police found 15.21 grams of methamphetamine and narcotics transaction records in Hock's possession. Hock was initially charged in state court, but those charges were dismissed. On December 3, 1993, he was charged in federal court. The indictment charged two counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and one count of use of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Hock subsequently pled guilty to the two drug trafficking counts pursuant to a plea agreement with the government. The parties stipulated that the relevant conduct involved 466.7 grams of a mixture containing methamphetamine and recognized that this would result in a base offense level of 28. The government agreed not to oppose a three-level reduction in the offense level for acceptance of responsibility and to recommend that Hock be sentenced at the low end of the applicable guideline range.

The probation department prepared a presentence report which calculated the relevant conduct for sentencing based on pure methamphetamine rather than a methamphetamine mixture. This resulted in a base offense level of 34. On the day before the scheduled sentencing hearing, the district court issued a minute order informing the parties of its intention not to accept the parties' stipulation regarding the purity of the methamphetamine and offering Hock the option of withdrawing his guilty plea. Hock chose to withdraw his guilty plea, and the matter was set for trial.

Following a three-day trial, the jury returned a verdict of guilty on all counts. The probation office prepared a second presentence report which recommended a sentence of 228 months imprisonment—168 months on the drug convictions and 60 months on the firearms conviction. At the sentencing hearing, the judge stated that he disagreed with the sentencing proposal by the probation office and that he found it to be "too harsh." The judge granted a two-level reduction for acceptance of responsibility and sentenced Hock to 195 months imprisonment—135 months for the drug conviction and 60 months for the firearm conviction—to be followed by two consecutive terms of supervised release. Hock's § 924(c)(1) conviction precluded the district court from including in the drug sentences a two-level enhancement under the "gun bump," U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1(b)(1), for possession of a firearm in connection with a drug offense.

Hock appealed to this court. On June 26, 1995, in an unpublished order, this court affirmed the judgment but vacated the supervised release portion of the sentence and remanded for resentencing with orders to impose the terms of supervised release concurrently. *United States v. Hock*, No. 94–10301, 1995 WL 378689 (9th Cir.1995). Hock filed an unsuccessful petition for rehearing, followed by a petition for writ of certiorari which was denied.

While Hock's certiorari petition was pending, the Supreme Court issued its opinion in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), holding that a conviction under the use prong of 18 U.S.C. § 924(c)(1) requires evidence sufficient to show active employ-

ment of the firearm by the defendant. *Id.* at 143, 116 S.Ct. 501. The parties agreed that Hock's conviction under § 924(c)(1) was defective in light of *Bailey.* On February 24, 1997, the parties filed a joint pleading which they asked the court to treat as

> the functional equivalent of a § 2255 motion and a statement by the United States in response that it has no objection to the Court vacating the conviction and sentence, and dismissing indictment [sic] as to Count III.

The joint pleading noted that the parties disagreed as to whether the court "should resentence Hock on the drug convictions, in a manner that could include a two-level upward adjustment in the base offense level under U.S.S.G. § 2D1.1(b)(1)." The parties requested briefing and argument on the issue of whether a modification of the underlying drug sentence was appropriate.

After briefing and a hearing on the issue, the district court resentenced Hock to 168 months imprisonment on the drug charges. This sentence included a two-level increase under § 2D1.1 for possession of a firearm in connection with a drug felony and a two-level downward departure for acceptance of responsibility. Hock appeals this sentence.

## II. ANALYSIS

As an initial matter, Hock contends that the district court lacked jurisdiction to resentence him on the two unchallenged convictions. We review the district court's exercise of jurisdiction *de novo. United States v. Nackman,* 145 F.3d 1069, 1072 (9th Cir.1998).

When a defendant who has been convicted on multiple counts after a jury trial brings a successful 28 U.S.C. § 2255 petition to vacate a § 924(c) conviction and sentence, the district court has the authority to resentence the defendant and may adjust the sentence on the remaining convictions to reflect the possession of a weapon. *United States v. Handa,* 122 F.3d 690, 692 (9th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 869, 139 L.Ed.2d 766 (1998). Hock argues that his case is distinguishable from *Handa* and its progeny because, in those cases, the defendants sought to have their § 924(c) convictions vacated under the wide-sweeping power of 28 U.S.C. § 2255.[1] Hock contends that in his case, there was not a § 2255 motion before the court. Instead, the parties filed a stipulation which they asked the court to treat as the "functional equivalent" of a § 2255 motion. However, "a district court does not have inherent power to resentence defendants at any time." *United States v. Minor,* 846 F.2d 1184, 1187 (9th Cir.1988). Generally, the district court's power to resentence is limited to a seven-day period following sentencing, Fed. R.Crim.P. 35(c), and that period had long since lapsed by the time the joint stipulation was filed. Hock's resentencing was not pursuant to an appellate court mandate, and, therefore, the authority to alter Hock's convictions must come from some other federal statutory authority. The parties in their joint stipulation noted that the court would have jurisdiction if the defendant were to file a § 2255 motion. In its order vacating the firearms conviction, the district court based its jurisdiction on § 2255 and ordered briefing and a hearing on whether a modification of the underlying drug sentences was appropriate. At resentencing and in a written order following resentencing, the district court stated that its jurisdiction was pur-

---

1. Section 2255 provides:

   A prisoner in custody under sentence of a court ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.... If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, ... the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

   28 U.S.C. § 2255 (1994).

suant to § 2255. Hock points to no other jurisdictional justification for the district court's actions. The district court was correct in treating the joint stipulation as a § 2255 motion, and the court had jurisdiction under § 2255 to resentence Hock on the unchallenged convictions.

At resentencing, the district court gave Hock a two-level reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Hock challenges the district court's refusal to grant him an additional one-level reduction under U.S.S.G. § 3E1.1(b). We review a district court's decision to withhold this additional one-level adjustment only for clear error. *United States v. Villasenor–Cesar*, 114 F.3d 970, 973 (9th Cir.1997) (citing *United States v. Hopper*, 27 F.3d 378, 381 (9th Cir.1994)). However, if the district court misperceives the principles set forth in § 3E1.1(b), it commits an error of law and is not entitled to the deferential review. *United States v. Eyler*, 67 F.3d 1386, 1391 (9th Cir.1995).

Under U.S.S.G. § 3E1.1(a), a defendant qualifies for a two-level reduction in offense level if he "clearly demonstrates acceptance of responsibility for his offense." If the defendant qualifies for a two-level reduction under subsection (a), he is entitled to an additional one-level adjustment under § 3E1.1(b) if he has assisted the authorities in the investigation or prosecution of his own misconduct by "(1) timely providing complete information to the government concerning his own involvement in the offense; or (2) timely notifying authorities of his intention to enter a plea of guilty." The third level reduction is mandatory if the circumstances apply. *Villasenor–Cesar*, 114 F.3d at 973 (citing *United States v. Colussi*, 22 F.3d 218, 219 (9th Cir.1994)).

Hock focuses his § 3E1.1(b) argument on subsection (1), although he briefly argues that he qualifies for the reduction under § 3E1.1(b)(2) because of his initial guilty plea to the drug charges. However, after the court informed the parties that it would not accept the stipulated purity level for the methamphetamine, Hock withdrew his guilty plea. Hock rejected the government's offer to enter into a new plea agreement on the drug charges at the higher purity level and proceeded to trial. Hock does not meet the requirements of § 3E1.1(b)(2).

Hock argues that he is entitled to the additional reduction under § 3E1.1(b)(1) "[b]ecause the government has failed to rebut [his] showing that he indeed provided timely and complete information." Hock claims that he provided complete information regarding his involvement in the offenses to the authorities when he was interviewed by an officer in February 1994 as a part of his original plea agreement and asserts that he never refused a government request for an interview or to provide information. Hock argues that the February 1994 interview with authorities was sufficient to assist law enforcement officials in the investigation of his misconduct, despite the fact that Hock subsequently decided to go to trial. However, Hock's interview with the authorities did not occur until several months after he was arrested and charged. Furthermore, Hock did not confess after his arrest, he did not admit to the charges at trial, and he presented a defense that the drugs and guns did not belong to him but to someone else. The district court did not clearly err in denying an additional one-level deduction under § 3E1.1(b)(1).

Hock contends that the district court erred in failing to grant his motions for downward departures based on his exceptional post-conviction rehabilitation and the fact that the Bureau of Prisons allegedly refused to enroll him in a specific drug and alcohol rehabilitation program. With respect to these motions, the district court expressly stated that it recognized that it had the authority to depart downward but declined to do so. Hock does not dispute this. Because we lack authority to review a district court's discretionary re-

fusal to depart downward from the Guidelines, *United States v. Govan*, 152 F.3d 1088, 1095 (9th Cir.1998), Hock's claims fail.

### III. CONCLUSION

Hock's sentence is AFFIRMED.