UNITED STATES of America,
Plaintiff–Appellee,

v.

Monica ZAVALA, Defendant–Appellant.

No. 00–50154.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 25, 2001.

Before BEEZER, O'SCANNLAIN, and
KLEINFELD, Circuit Judges.

MEMORANDUM[2]

Monica Zavala appeals the 30–month sentence imposed following her guilty plea conviction for conspiracy to receive and deliver stolen U.S. Treasury checks, in violation of 18 U.S.C. § 371, and receiving and delivering stolen U.S. Treasury checks, aiding and abetting, in violation of 18 U.S.C. §§ 510(b), 2(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Zavala contends that the district court clearly erred by denying her an additional one-point downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b)(1). We review the district court's withholding of an additional one-point reduction under U.S.S.G. § 3E1.1(b) for clear error. *United States v. Hock,* 172 F.3d 676, 681 (9th Cir.), *cert. denied* 528 U.S. 913, 120 S.Ct. 265, 145 L.Ed.2d 222 (1999); *see also United States v. Hopper,* 27 F.3d 378, 382 (9th Cir.1994).

"The primary purpose" of subsection (b) is "promoting prosecutorial and judicial economy and efficiency." *Hopper,* 27 F.3d at 384. It is not enough that a defendant provide complete information regarding involvement in the case, rather, the disclosure must be timely enough to "assist[] authorities in the investigation or prosecution of [the defendant's] own misconduct." U.S.S.G. § 3E1.1(b); *United States v. Stoops,* 25 F.3d 820, 822–23 (9th Cir.1994).

By evading arrest for approximately three and one-half years, Zavala can hardly be said to have promoted prosecutorial

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

economy or to have provided assistance regarding her own conduct in the offense. *See Hopper*, 27 F.3d at 385. Therefore, Zavala's confession did not serve the goals of § 3E1.1(b)(1), and the court district did not clearly err by denying Zavala the additional one-point adjustment.

AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.