UNITED STATES of America,
Plaintiff–Appellee,

v.

Douglas BERRY, Defendant–Appellant.

No. 00–10223.

D.C. No. CR–92–00001WHO.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2001.

Decided May 14, 2001.

---

* The panel finds this case appropriate for sub-
mission without oral argument pursuant to
Federal Rule of Appellate Procedure 34(a)(2).

Before O'SCANNLAIN and W. FLETCHER, Circuit Judges, and

KELLEHER,[1] District Judge.

## MEMORANDUM [2]

Appellant Berry appeals the sentence imposed following his guilty plea to possession of 27 kilograms of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Appellant claims that the district court erred in denying him a downward adjustment for acceptance of responsibility and in refusing to depart downward. We affirm the judgment of the district court.

### I.

Appellant asserts that the district court committed various legal errors in denying him a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

■ First, Appellant claims that the district court committed a legal error by failing to accommodate the Sentencing Guidelines' concern with proportionality in sentencing because Appellant's sentence might exceed that of a hypothetical similarly-situated defendant. However, "a disparity in sentencing among co-defendants is not, by itself, a sufficient ground for attacking an otherwise proper sentence under the guidelines." *United States v. Hoy,* 932 F.2d 1343, 1345 (9th Cir.1991). Therefore, no error was committed.

■ Second, Appellant asserts that the district court committed a legal error by considering a conspiracy charge against Appellant that had been dismissed pursuant to his plea agreement. At the sentencing hearing, the district court indicated that, among other facts, it considered the fact that Appellant "was involved in one of the biggest drug gangs there was, as charged in the conspiracy." Appellant's involvement with this drug gang was set forth in the Presentence Report, to which Appellant stipulated. It is proper for the district court to consider any stipulated facts in sentencing, even if these same facts provided the bases for a dismissed charge against a defendant. *See United States v. Saldana,* 12 F.3d 160, 163 (9th Cir.1993); U.S.S.G. § 6B1.2 ("a plea agreement that includes the dismissal of a charge ... shall not preclude the conduct underlying such charge from being considered under the provisions of § 1B1.3 (Relevant Conduct)"). Therefore, the district court committed no error in considering Appellant's involvement in the drug gang as alleged in the dismissed conspiracy charge.

■ Third, Appellant argues that the district court committed legal error, namely "impermissible double counting," by considering Berry's involvement in the drug gang in making its decision to deny the downward adjustment for acceptance of responsibility. No "double counting" occurred because the court's consideration of Berry's gang involvement did not produce an increase in his sentence. *See United States v. Reese,* 2 F.3d 870, 895 (9th Cir.1993) (holding that impermissible double counting occurs where "one part of the Guidelines is applied to increase a defendant's punishment on account of a type of harm that has already been fully accounted for by the application of another part of the Guidelines").

■ Finally, Appellant asserts that the district court committed legal error in

---

1. Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

not granting him a downward adjustment for acceptance of responsibility as a matter of law. Appellant was not entitled to a downward adjustment as a matter of law. Although pleading guilty and truthfully admitting the elements of the offense and other relevant conduct constitutes "significant evidence of acceptance of responsibility," this evidence may be outweighed by conduct "inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, App. Note 3. The court properly weighed Appellant's "significant evidence" of confession to the crime and cooperation with the government against the relevant evidence that Appellant was a fugitive for six years following the offense. *See* U.S.S.G. § 3E1.1, App. Note 1(d) (providing that a court may consider a defendant's pre-arrest conduct such as "voluntary surrender to authorities promptly after commission of the offense"); *see also United States v. Connelly,* 156 F.3d 978 (9th Cir.1998) (holding that a court, in determining acceptance of responsibility, can properly weigh against a defendant evidence of his "failure to demonstrate contrition and remorse"). We hold that the district court did not abuse its discretion in refusing to grant a downward departure.

## II.

■ Appellant argues that the district court committed factual error by considering that he was "involved in one of the biggest drug gangs that there was" and that he was "on the FBI's Most Wanted List" in its determination of acceptance of responsibility. The court made no error in its statement that Appellant was involved in a drug gang, as Appellant stipulated to that fact as contained in the Presentence Report. The court did err in stating that Appellant was on the FBI's Most Wanted List; in fact, Appellant had not been on the FBI's Most Wanted List but instead had been featured on the television program, "America's Most Wanted." However, the court's error constitutes a harmless error that does not require remand. *See Williams v. United States,* 503 U.S. 193, 202–203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992) (pursuant to the "harmless error" rule, remand is not required if "the reviewing court concludes, on the record as a whole … that the error did not affect the district court's selection of the sentence imposed"). The district court provided several reasons for its denial of the downward adjustment, only one of which was an error; therefore, the sentence is valid because "the remaining reasons are sufficient to justify" the sentence. *Id.*

## III.

■ This court lacks jurisdiction to review a district court's discretionary refusal to depart downward from the Sentencing Guidelines. *See United States v. Hock,* 172 F.3d 676, 681–82 (9th Cir.1999). This court may, however, review a district court's decision that it lacks discretion to depart. *See United States v. Mendoza,* 121 F.3d 510, 513 (9th Cir.1997). Appellant filed a request for a downward departure for post-offense rehabilitation. During the sentencing hearing, the district court explicitly recognized its discretionary ability to depart downwards and refused to do so. Therefore, this court lacks jurisdiction over this issue.

AFFIRMED.