UNITED STATES of America, Plaintiff–Appellee,

v.

Omar MENDEZ–CONTRERAS, Defendant–Appellant.

No. 00–35465.

D.C. Nos. CV–98–00289–a–HRH, CR–97–00089–a–HRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2001.

Decided Aug. 24, 2001.

Before SCHROEDER, Chief Judge, T.G. NELSON, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Omar Mendez–Contreras appeals his sentence for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Mendez–Contreras claims that the conduct of the police and one of its cooperating sources during the investigation constituted sentencing entrapment

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

and that the district court clearly erred in deciding that no sentencing entrapment had occurred. He contends the court erred in failing to make a downward departure in his sentence based on his post-sentence rehabilitation.

Mendez–Contreras' argument that he suffered sentencing entrapment is unavailing. Sentencing entrapment occurs when a defendant is unduly pressured by the government to commit a crime of greater severity than the defendant was originally willing to commit. *U.S. v. Robinson*, 94 F.3d 1325, 1328–29 (9th Cir. 1996). This court accepts the district court's factual conclusion of whether sentencing entrapment occurred unless the conclusion is clearly erroneous. *See, e.g., U.S. v. Sanchez–Lopez*, 879 F.2d 541, 557 (9th Cir.1989). Mendez–Contreras has the burden of proving such entrapment, by a preponderance of the evidence. *U.S. v. Riewe*, 165 F.3d 727, 729 (9th Cir.1998).

Although Mendez–Contreras initially expressed surprise that Haines, the source cooperating with the police, wanted to purchase a half-kilo of cocaine, he expressed no unwillingness to produce that amount of cocaine. On the contrary—Mendez-Contreras' only apparent reluctance was in ensuring that he would receive payment. Once the terms of the deal were resolved and Haines called to request actual delivery, Mendez–Contreras again expressed no reluctance and delivered the cocaine in less than four hours. During the course of Mendez–Contreras' smaller transactions with Haines, Mendez–Contreras had commented about a half-kilo transaction he had undertaken with someone else, whom Mendez–Contreras feared would inform on him. The evidence supports the district court's decision to reject the entrapment argument. The court did not err when it found that Mendez–Contreras showed no reluctance to produce the

half-kilo. The court's finding showed it considered Mendez–Contreras' arguments and rejected them. *See U.S. v. Parrilla,* 114 F.3d 124, 128 (9th Cir.1997).

Neither can Mendez–Contreras prevail on his contention that the district court erred when it failed to make a downward departure on account of his post-sentence rehabilitation. The district court considered Mendez–Contreras' request, but expressed uncertainty about whether it had the legal authority to undertake a downward departure below the minimum sentence established by a statute. The district court concluded that even if it had this authority, it would not use its discretion to make such a departure. The court reached this conclusion after noting that Mendez–Contreras had been involved in two infractions during his imprisonment thus far. Such discretionary decisions not to undertake a downward departure for post-sentence rehabilitation are, like other discretionary decisions not to make a downward departure, unreviewable by this court. *U.S. v. Hock,* 172 F.3d 676, 681–82 (9th Cir.)(where the district court recognizes that it has authority to make a discretionary downward departure for post-conviction rehabilitation but chooses not to exercise that discretion, the court lacks authority to review that decision), *cert. denied* 528 U.S. 913, 120 S.Ct. 265, 145 L.Ed.2d 222 (1999).

AFFIRMED.