UNITED STATES of America, Plaintiff—Appellee,

v.

John LIVINGSTON, Defendant— Appellant.

No. 01–50342.

D.C. No. CR–92–00569–JSL–01.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 27, 2001.[*]

Decided Feb. 14, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CHOY, SKOPIL and FERGUSON, Circuit Judges.

MEMORANDUM **

John H. Livingston was resentenced after one count of his four-count conviction was vacated in a collateral proceeding. He argues that the district court erred by imposing the same custodial sentence notwithstanding the vacated conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Livingston pleaded guilty to a four-count indictment that included a charge that he used or carried a gun during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c). He agreed to a custodial sentence of 189 months that was accepted by the district court pursuant to Fed.R.Crim.P. 11(e)(1)(C). Sometime after Livingston began his sentence, the Supreme Court clarified what constitutes "use" or "carry" for purposes of § 924(c). *See Bailey v. United States,* 516 U.S. 137, 143–46, 116 S.Ct. 501, 133 L.Ed.2d 472. As a result of *Bailey,* Livingston's § 924(c) conviction was vacated and he was resentenced on the remaining convictions. Although the Government believes that Livingston was procedurally barred from challenging his § 924(c) conviction, we agree with the Government's concession that "it makes no difference

... because defendant received the same sentence he received before." *See United States v. Guess,* 203 F.3d 1143, 1145–46 (9th Cir.2000) (noting that Government may waive a defendant's procedural default of a *Bailey* claim). Accordingly, we reach the merits of Livingston's claim.

Livingston argues that the district court erred by reimposing the 189–month sentence because it was obligated to subtract from his original sentence the 60 months imposed on the vacated § 924(c) count. We have squarely rejected that argument. *See United States v. Ruiz–Alvarez,* 211 F.3d 1181, 1185 (9th Cir.2000) (noting that when a *Bailey* conviction is vacated, the district court "may recalculate and resentence the defendant on convictions that still stand"); *United States v. Barron,* 172 F.3d 1153, 1160 (9th Cir.1999) (en banc) (holding that when a plea conviction is vacated pursuant to *Bailey,* the court should not set aside the plea agreement, but rather should resentence the defendant on the remaining counts, "taking into account any relevant enhancements under the Sentencing Guidelines"); *United States v. Handa,* 122 F.3d 690, 692 (9th Cir.1997) (holding that when part of the sentencing "package" is set aside under *Bailey,* "the district court is free to put together a new package reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which he is still convicted").

We are not persuaded that the "accept it or reject it" nature of a Rule 11(e)(1)(C) plea compels a contrary result. Rather, the district court was free to resentence Livingston on the three remaining counts consistent with the Sentencing Guidelines. *See United States v. Hock,* 172 F.3d 676, 680 (9th Cir.1999) (holding that when a

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

§ 924(c) conviction is set aside, the court may "adjust the sentence on the remaining convictions"). Moreover, we agree with the district court that the applicable guideline range for the remaining counts is 168–210 months. Livingston admitted in his plea agreement to both the quantity of drugs involved and the applicable offense level. Finally, there was no error in the district court's determinations regarding adjustments to that offense level.

AFFIRMED.