UNITED STATES of America, Plaintiff—Appellee,

v.

Wilfredo Balmore LOZA–BOJORQUEZ, aka Milton Balmore Loza–Bojorquez, aka Milton Loza–Bojorquez, aka Wilfredo Loza–Bojorquez, Defendant—Appellant.

No. 02–10200.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted July 28, 2003.*

Decided Sept. 15, 2003.

Nathan Leonardo, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Clayton R. Hernandez, Esq., Clay Hernandez, AFPD, Tucson, AZ, for Defendants–Appellants.

Before: SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

A federal grand jury indicted Wilfredo Loza–Bojorquez for violation of 8 U.S.C. § 1326, after he re-entered the United States after deportation. After trial, a jury found Loza–Bojorquez guilty of attempted re-entry after deportation.[1]

At his trial, Loza–Bojorquez pointed out that his birth certificate did not indicate the country of origin of his grandparents. The district court nonetheless ruled that Loza–Bojorquez was not entitled to an instruction on derivative United States citizenship and could not argue in closing that, based on this omission, he had derivative citizenship. Because there was no evidence to support such an instruction, the refusal did not constitute error. *See United States v. Falsia*, 724 F.2d 1339, 1342 (9th Cir.1983). For the same reason, the district court did not abuse its discre-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. He was sentenced to 41 months imprisonment followed by 36 months of supervised release. Additionally, the District Court imposed a consecutive 10 months imprisonment because his illegal re-entry violated his supervised release.

tion in prohibiting closing argument based on derivative citizenship, and Loza–Bojorquez was not denied effective assistance of counsel because his attorney was not allowed to argue that point. *See United States v. Miguel*, 338 F.3d 995, 1001 (9th Cir.2003) ("A district court certainly retains the power to preclude closing arguments on defense theories that are not supported by the evidence.").

Loza–Bojorquez also contends that the trial court erred in sentencing him by not giving a third reduction point for acceptance of responsibility. Loza–Bojorquez admitted that he was a citizen of El Salvador and that he had been deported to that country. He further admitted that he came back to the United States illegally. The district court nevertheless refused to give Loza–Bojorquez a three-point reduction for acceptance of responsibility, and allowed only two points because he put the government to its burden at trial.

■ We review for clear error a district court's decision to withhold an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). *See United States v. Hock*, 172 F.3d 676, 681 (9th Cir.1999). The exercise of the right to go to trial cannot deprive a defendant of an adjustment for acceptance of responsibility to which he is otherwise entitled. *See United States v. Ochoa–Gaytan*, 265 F.3d 837, 842 (9th Cir.2001).

The government agrees that the sentence should be vacated and the case should be remanded for the limited purpose of allowing the district court to reassess, based on the proper legal standard, whether the third acceptance point is warranted because Loza–Bojorquez "timely provid[ed] complete information to the government concerning his own involvement in the offense." U.S.S.G. § 3E1.1(b)(1).

SENTENCE VACATED AND REMANDED.