**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Jesus Beltran FERNANDEZ, aka
Chuy, Defendant–Appellant.**

No. 05–50927.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

Becky S. Walker, Esq., Julie J. Shemitz, Esq., USLA–Office of the U.S. Attorney Criminal Division, Thomas E. Loeser, Esq., Cyber & Intellectual Property Assistant U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Christopher Johns, Esq., Johns & Allyn A Professional Corporation, San Rafael, CA, for Defendant–Appellant.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Jose Jesus Beltran Fernandez appeals from the district court's decision, following a limited remand under *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2005) (en banc), that it would not have imposed a different sentence had it known that the Sentencing Guidelines were advisory. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Fernandez challenges the district court's determination not to resentence following remand. The record reflects, however, that the district court properly understood the scope of its discretion to sentence below the Guidelines range. *See United States v. Combs,* 470 F.3d 1294, 1297 (9th Cir.2006).

■ Fernandez also contends that the district court clearly erred when it denied him a one-level reduction in offense level for acceptance of responsibility pursuant to USSG § 3E1.1(b). This contention lacks merit because Fernandez did not plead guilty until the eve of trial, or provide complete information about his misconduct in a timely fashion. *See United States v. Hock,* 172 F.3d 676, 681 (9th Cir.1999).

■ In addition, the district court did not clearly err in denying Fernandez's request for a minor role reduction pursuant to U.S.S.G. § 3B1.2. The record demonstrates that the district court properly found that his role in connecting the supplier of the drugs with the confidential informant was inconsistent with a minor role reduction. *See United States v. Awad,* 371 F.3d 583, 591–92 (9th Cir.2004).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.