**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Sundeep DHARNI, Defendant— Appellant.**

No. 07–10557.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2009.

Filed March 30, 2009.

Kenneth J. Melikian, Esquire, USSAC— Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Suzanne Adele Luban, Law Offices of Suzanne A. Luban, Oakland, CA, for Defendant–Appellant.

Before: HUG and BEA, Circuit Judges, and EDMUNDS *, District Judge.

## MEMORANDUM **

Sundeep Dharni appeals his conviction and sentence for (1) conspiracy to commit arson, (2) aiding and abetting arson, (3) aiding and abetting arson for the purpose of mail fraud, and (4) mail fraud. He contends that the district court erroneously admitted evidence of his financial dealings and methamphetamine use, limited his cross-examination of two prosecution witnesses, and imposed a mandatory sentence under 18 U.S.C. § 844(h) consecutive to his sentence under § 844(i).

■ **1.** Dharni challenges the district court's admission, over his objection, of evidence concerning his financial dealings and his history of methamphetamine use with his co-conspirator, Richard Duran. Trial judges have "wide discretion" to determine whether evidence is relevant. *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir.1983). A district court's "determination that the prejudicial effect of particular evidence did not substantially outweigh its probative value under Federal Rule of Evidence 403 is reviewed for an abuse of discretion." *United States v. Gonzalez–Flores,* 418 F.3d 1093, 1098 (9th Cir.2005).[1]

Dharni concedes that the admitted evidence was relevant; he admits that evidence of his financial dealings was relevant to prove motive and that evidence of his methamphetamine use with Duran was relevant to demonstrate Dharni's association and relationship of trust with his co-conspirator. But, Dharni contends that this relevant evidence should have been excluded because "its probative value [was] substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. However, we cannot conclude that the district court abused its "wide discretion" when it determined that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice. While the district court could have limited the amount of financial evidence in managing this case, it was not an abuse of discretion to decline to do so. And, even though the methamphetamine evidence may have exposed Dharni to some unfair prejudice, the district court did not abuse its discretion by concluding any such prejudice did not substantially outweigh its probative value in this conspiracy case.

■ **2.** Dharni contends that the district court erred when it limited his cross-examination of his co-conspirator, Richard Duran, and Duran's sister, Rosie Duran, concerning their previous conspiracy to commit robbery. Because the district court limited but did not prohibit inquiry into Rosie Duran's previous criminal activity with her brother, Dharni's challenge is reviewed for abuse of discretion. *See United States v. Larson,* 495 F.3d 1094, 1101 (9th Cir.2007).

---

\* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We need not address whether the evidence at issue constitutes character evidence under Federal Rule of Evidence 404(b) because Dharni argues only that the evidence should have been excluded under Rule 403.

556

We conclude that the district court did not abuse its discretion in limiting Dharni's cross-examination of the Durans. Evidence of the Durans' prior conspiracy was relevant to support the defense theory that Rosie lied to protect Richard and no legitimate interests outweighed Dharni's interest in presenting the evidence. *See id.* at 1103. But, the district court's limitation on the scope of cross-examination did not prevent Dharni from presenting the jury with sufficient information to assess the Durans' credibility. *See id.* The jury was informed of the convictions and heard Rosie's testimony that she committed the burglary with Richard. Because defense counsel was able to adequately explore Rosie's motivation to lie in corroborating her brother's story, the district court's limitation on cross-examination was not an abuse of discretion. *See id.*

3. Lastly, Dharni challenges his sentence, arguing that the district court erred when it imposed a mandatory sentence under 18 U.S.C. § 844(h) consecutive to the sentence imposed under § 844(i). As Dharni concedes in his reply brief, *United States v. Beardslee,* 197 F.3d 378, 387 (9th Cir.1999) (holding that a sentence for use of fire to commit a felony under 18 U.S.C. § 844(h) must run consecutively to all other sentences), controls in this case and cannot be overruled by this panel.

**AFFIRMED.**