**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kevin Brooks McCLINTON, Defendant—Appellant.**

**No. 08–30329.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed June 22, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Greg Nyhus, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Michelle A. Ryan, Law Office of Michelle A. Ryan LLC, Portland, OR, for Defendant–Appellant.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Kevin Brooks McClinton appeals the 180–month sentence and five-year term of supervised release imposed upon resentencing following the partial grant of his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

McClinton contends that the district court lacked jurisdiction to conduct a new sentencing hearing and increase his sentence by adding a five-year term of supervised release. This contention lacks merit. *See* 28 U.S.C. § 2255; *see also United States v. Hock,* 172 F.3d 676, 680–81 (9th Cir.1999) (stating that the district court has authority to resentence a defendant following a successful § 2255 motion).

McClinton also contends that his due process rights were violated because the district court punished him with a more severe sentence without stating its reasons for doing so on the record. There is no showing of judicial vindictiveness because the record reflects that the district court included a five-year term of supervised release as part of the original judgment that was vacated by the partial grant of McClinton's § 2255 motion. *See United States v. Hagler,* 709 F.2d 578, 579 (9th Cir.1983).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36–3.