MEMORANDUM **
Kevin Brooks McClinton appeals the 180-month sentence and five-year term of supervised release imposed upon resen-tencing following the partial grant of his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
McClinton contends that the district court lacked jurisdiction to conduct a new sentencing hearing and increase his sentence by adding a five-year term of supervised release. This contention lacks merit. See 28 U.S.C. § 2255; see also United States v. Hock, 172 F.3d 676, 680-81 (9th Cir.1999) (stating that the district court has authority to resentence a defendant following a successful § 2255 motion).
McClinton also contends that his due process rights were violated because the district court punished him with a more severe sentence without stating its reasons for doing so on the record. There is no showing of judicial vindictiveness because the record reflects that the district court included a five-year term of supervised release as part of the original judgment that was vacated by the partial grant of McClinton’s § 2255 motion. See United States v. Hagler, 709 F.2d 578, 579 (9th Cir.1983).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.