**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

SUNDEEP DHARNI,
*Defendant-Appellant*.

No. 11-16438

D.C. Nos.
2:10-CV-02934-EJG
2:05-CR-00306-EJG

OPINION

Appeal from the United States District Court
for the Eastern District of California
Edward J. Garcia, District Judge, Presiding

Argued and Submitted
September 10, 2013—San Francisco, California

Filed January 3, 2014

Before: J. Clifford Wallace, Raymond C. Fisher, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Wallace

# SUMMARY[*]

## Habeas Corpus

The panel affirmed the district court's denial of a 28 U.S.C. § 2255 motion to vacate sentence challenging the alleged closure of the courtroom during voir dire of petitioner's criminal trial.

The panel held that the trial judge's request that family members and spectators leave the courtroom during voir dire until seats became available was at most a trivial courtroom closure that did not implicate petitioner's Sixth Amendment rights. The panel further held that counsel did not provide ineffective assistance by failing to object to the request or challenge the alleged closure on appeal because it would not have disturbed the conviction.

## COUNSEL

Quin Denvir, Attorney at Law, Davis, California, for Defendant-Appellant.

R. Steven Lapham (argued), Assistant United States Attorney, Benjamin B. Wagner, United States Attorney, Camil A. Skipper, Appellate Chief, Sacramento, California, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

WALLACE, Circuit Judge:

Sundeep Dharni filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 based on the alleged closure of the courtroom during voir dire of his criminal trial, and the ineffective assistance of both his trial counsel, by failing to object to the alleged closure, and his appellate counsel, by failing to challenge his conviction based on the alleged closure. The district court held that any closure was trivial and denied the motion. Dharni appeals from the denial of that motion. We have jurisdiction over his timely filed appeal under 28 U.S.C. §§ 2253, 2255, 1291. We affirm.

I.

In early July 2007, Dharni was tried for violations of 18 U.S.C. §§ 844, 1341. During consideration of jury selection, the district judge stated he "anticipate[d] some problems because of the 4th of July holiday and possible hardship excuses." He therefore expanded the number of prospective jurors. On the morning of trial, the district court judge stated that when

> the jury comes up, I'm going to ask all family members to go out in the hall. We need every seat in the audience section of the courtroom as we called in extra jurors because of the vacation problem. So that during jury selection, all of the family and friends of the defendant and any other spectators that are out

there will wait out in the hall during jury
selection until seats open up.

Dharni's lawyer did not object to the court's statement.
A few moments later, the judge asked "the family of the
defendant and other spectators [to] please leave the
courtroom." After the spectators had presumably left, the
judge welcomed the jury and stated that he "called in extra
jurors today for jury selection," and that the courtroom did
not "have much audience room."

During jury selection, the judge excused five potential
jurors based on peremptory challenges before taking a fifteen-
minute recess. When jury selection reconvened, another nine
potential jurors were excused because of peremptory or for-
cause challenges. In total, fourteen potential jurors were
excused before the jury and the two alternates were
empanelled. At no point during jury selection did Dharni's
attorney object to any absence of Dharni's family members
or other spectators. The record does not indicate whether any
family members or other spectators returned to the courtroom
as jurors were excused and seats opened up.

The jury convicted Dharni. He appealed his conviction
to this court, but did not challenge the judge's request
that family members and spectators leave the courtroom
until seats became available. *See United States v. Dharni*,
324 F. App'x 554 (9th Cir. 2009). We affirmed his
conviction. *Id.* at 556.

In 2010, Dharni filed the instant motion to set aside his
conviction under 28 U.S.C. § 2255 before the district court.
In the motion, he raised two claims for the first time: that the
district court violated his Sixth Amendment right to a public

trial by requesting that spectators leave the courtroom during voir dire, and that his trial and appellate counsel ineffectively assisted him by failing to object or appeal from the court's request that family members and spectators leave the courtroom.[1]

The district court denied Dharni's motion. The court held that as of Dharni's trial date, "it was an open question if the Sixth Amendment right to a public trial extended to jury selection and voir dire." Regardless, the court determined that the request that spectators, including family members, leave the courtroom temporarily was at most a trivial closure that did not implicate the Sixth Amendment values behind the right to a public trial. Because any closure of the courtroom during jury selection was trivial, the court concluded, Dharni suffered no prejudice from his counsel's failure to object or appeal, which doomed his ineffective assistance of counsel claim. Dharni appeals from the judgment denying his motion. We review Sixth Amendment and ineffective assistance of counsel claims de novo. *United States v. Ivester*, 316 F.3d 955, 958 (9th Cir. 2003); *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003). We also review de novo the denial of a federal prisoner's motion under 28 U.S.C. § 2255. *See, e.g.*, *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010).

---

[1] Dharni also challenged other decisions of his trial and appellate counsel as ineffective. The district court rejected his arguments. He has not appealed those challenges in his opening brief, so he has waived them. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

## II.

We first address Dharni's substantive Sixth Amendment claim. The Sixth Amendment "directs, in relevant part, that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. . . .'" *Presley v. Georgia*, 558 U.S. 209, 212 (2010) (per curiam) (alterations in original), *quoting* U.S. Const. amend. VI. Contrary to the district court's ruling, the public trial right extends to voir dire, and did so on the date of Dharni's trial. *Id.* at 213 (observing that "the question then arises whether it is so well settled that the Sixth Amendment right extends to jury *voir dire*," and stating that "[t]he point is well settled" under Supreme Court decisions from the 1980s).

In some circumstances, though, the exclusion of spectators from a trial proceeding does not implicate the constitutional right. *United States v. Rivera*, 682 F.3d 1223, 1229 (9th Cir. 2012). "Trivial" exclusions do not infringe upon the values behind the right. *Id.*, *quoting Ivester*, 316 F.3d at 960. Those values are: "'(1) to ensure a fair trial, (2) to remind the prosecutor and judge of their responsibility to the accused and the importance of their functions, (3) to encourage witnesses to come forward[,] and (4) to discourage perjury.'" *Ivester*, 316 F.3d at 960, *quoting Person v. Williams*, 85 F.3d 39, 43 (2d Cir. 1996); *see also Rivera*, 682 F.3d at 1229 (explaining that trivial closures do not implicate the values of "ensuring fair proceedings; reminding the prosecutor and judge of their grave responsibilities; discouraging perjury; and encouraging witnesses to come forward").

The district court's request that family members and other spectators go out to the hall during voir dire until seats

became available was at most a trivial closure that does not implicate the Sixth Amendment. The judge specifically stated that spectators should "wait out in the hall during jury selection until seats open up." Spectators were therefore free to reenter the courtroom to observe the voir dire as jurors were excused. The court even took a recess after seats had "open[ed] up." Five spectators were free to reenter the courtroom for the remainder of voir dire after the recess.

There is, however, no evidence in the record that the district court took additional affirmative steps to invite family members or other spectators back to the courtroom after seats opened up. It would have been better under these circumstances to make that invitation clearer, possibly by sending a courtroom deputy clerk outside the courtroom to determine if anyone wanted to return. But Dharni has offered no evidence, nor have we found any evidence in the record, that court personnel *prevented* the spectators from reentering the courtroom.

In a case not cited by the parties, we held that a closure did not implicate the Sixth Amendment where a courtroom was not large enough to accommodate all spectators who might wish to view a trial and the district court never affirmatively expelled members of the public. *United States v. Shryock*, 342 F.3d 948, 974 (9th Cir. 2003). Given that the district court judge specifically authorized family members and spectators to reenter when seats were available, the insufficient seating for spectators and family members for a limited period of time of uncertain duration did not violate Dharni's rights. *Id.* at 974–75.

There is further support for this conclusion in the Second Circuit's well-reasoned decision that excluding a single

spectator from observing a portion of voir dire was "too trivial to warrant the remedy of nullifying an otherwise properly conducted" criminal trial, when that spectator was allowed to watch the remainder of voir dire after more space became available in the courtroom. *Gibbons v. Savage*, 555 F.3d 112, 121 (2d Cir. 2009).

Therefore, the request that family members and spectators leave the courtroom until seats became available was at most a trivial courtroom closure that did not implicate Dharni's Sixth Amendment rights, and the district court did not err in denying Dharni's motion on this ground.

### III.

Dharni is entitled to relief on his claim of ineffective assistance of counsel only if he establishes both that his counsel performed deficiently and that such deficient performance prejudiced him. *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005); *see also Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002) (explaining that "[c]laims of ineffective assistance of appellate counsel are reviewed according to the" same standard that applies to trial counsel). Because the request for family members and spectators to leave the courtroom was at most a trivial closure that did not violate the Sixth Amendment, the failure to object to the request or appeal the conviction on that ground was not deficient performance. Nor could those failures have prejudiced Dharni, because even if counsel had objected or appealed, Dharni's conviction would not have been disturbed. The district court did not err in rejecting Dharni's ineffective assistance of counsel claims.

**AFFIRMED.**