FILED

OCT 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-16438 |
| Plaintiff - Appellee, | D.C. Nos. 2:10-cv-02934-EJG |
| | 2:05-cr-00306-EJG |
| v. | Eastern District of California, Sacramento |
| SUNDEEP DHARNI, | |
| Defendant - Appellant. | ORDER |

Before: WALLACE, FISHER, and BERZON, Circuit Judges.

(1) The Joint Motion to Dismiss and Remand to District Court and Joint Status Report are construed as a joint motion for summary reversal of the district court's denial of relief under 28 U.S.C. § 2255.

(2) The joint motion for summary reversal, so construed, is granted in the interests of justice. *See Baca v. Adams*, 777 F.3d 1034 (9th Cir. 2015). The district court shall enter judgment vacating Dharni's convictions. 28 U.S.C. § 2255. We express no view as to the alleged constitutional infirmity of Dharni's conviction. *Cf. United States v. Hock*, 172 F.3d 676, 680-81 (9th Cir. 1999) (holding that the district court properly construed the parties' stipulation that the

defendant's conviction was defective as a § 2255 motion and properly granted the motion).

(3) This matter is remanded for further proceedings consistent with this disposition. If the parties reach a new plea agreement under Fed. R. Crim. P. 11(c)(1)(C), the district court should either accept the parties' new plea agreement and sentence Dharni in accordance therewith or reject that plea agreement and proceed accordingly.

**SO ORDERED. THE MANDATE SHALL ISSUE FORTHWITH.**

**_USA v DHARNI   11-16438_**

WALLACE, J., dissenting

I dissent from this Order for the same reasons I dissented from the majority's order requiring to the parties to show cause. As I explained there, we should now reinstate our prior opinion, _United States v. Dharni_, 738 F.3d 1186, _reh'g granted and opinion vacated_, 757 F.3d 1002 (9th Cir. 2014), because Dharni has stipulated that he cannot establish that the facts assumed in our original opinion were wrong. That stipulation forecloses him from carrying his burden of establishing a Sixth Amendment violation. Because he has failed to carry his burden, the district court did not err in denying his 28 U.S.C. § 2255 motion.

I disagree with the majority that we have power to reconstrue the parties' filings as a joint motion for summary reversal. While the majority believes that the "interests of justice" support doing so, that belief cannot overcome the fact that the parties never actually filed any such motion. Moreover, the government has expressly disclaimed any confession of error. Accordingly, I see no basis for ordering the district court to vacate Dharni's convictions. I respectfully dissent.