UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert Preston NARRAMORE,
Defendant–Appellant.

No. 93–10340.

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 1994.*

Decided Sept. 21, 1994.

Lawrence P. Manning, San Francisco, CA, for defendant-appellant.

Laurel Defoe White, Asst. U.S. Atty., Sacramento, CA, for plaintiff-appellee.

* The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Before: SCHROEDER, D.W. NELSON, and CANBY, Circuit Judges.

SCHROEDER, Circuit Judge:

This appeal involves a 1992 Sentencing Guideline amendment that made it possible for a defendant to receive an additional reduction in the applicable base offense level for acceptance of responsibility. Section 3E1.1(a) of the Guidelines allows for a two-level reduction "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." In 1992, section (b) was added, which provides:

> (b) If the defendant qualifies for a decrease under subsection (a), ... and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
>
>   (1) timely providing complete information to the government concerning his own involvement in the offense; or
>
>   (2) timely notifying authorities of his intentions to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,
>
> decrease the offense level by 1 additional level.

The defendant-appellant, Robert Narramore, pleaded guilty to eleven counts in an indictment charging offenses related to his role in a conspiracy to manufacture and sell methamphetamine. He received a two-level downward adjustment pursuant to section (a), but he challenges on appeal the district court's denial of his request for an additional one-level reduction under section (b).

Narramore argued to the district court that his plea of guilty was sufficiently timely to warrant the additional one-level adjustment under subsection (b)(2). The district court denied the reduction because Narramore did not plead guilty until a week before the scheduled trial date, and after the government had begun seriously to prepare for trial.

The novel contention advanced by Narramore in this appeal is that his plea should be considered timely for purposes of section (b) because he entered it immediately after the district court denied his motion to dismiss the indictment on double jeopardy grounds. The merits of that motion are not before us. Narramore contends that the court should not have denied him the section (b) reduction merely because trial preparation had begun before the motion asserting a constitutional defense was resolved. He notes that if the district court had decided his motion before the government began trial preparation, he would have been able to enter a timely plea and receive the § 3E1.1(b)(2) adjustment. He contends that he should not be deprived of the opportunity to earn the reduction merely because the district court decided the motion on the eve of trial.

The Guideline focuses on whether the defendant has provided notice of his intention to plead guilty in a manner sufficient to spare the government trial preparation and to permit the court efficiently to manage its docket. U.S.S.G. § 3E1.1 and 3E1.1, n. 6; see United States v. McQuay, 7 F.3d 800, 803 (8th Cir.1993). While Narramore may well have intended to plead guilty in the event that his motion to dismiss was denied, he at no time approached the government with this information so the trial preparation could have been avoided. Nothing prevented him from doing so. Narramore's pretrial motion, if granted, would have completely obviated trial. Accordingly, if Narramore had earlier communicated his willingness to enter a plea, the government would have had no reason to prepare for trial. In such circumstances, his plea cannot be considered timely for purposes of § 3E1.1(b).

Our decision is fully consistent with United States v. Kimple, 27 F.3d 1409 (9th Cir.1994). We there held that a defendant was entitled to the adjustment when he pleaded guilty after disposition of pretrial motions, but before the government had engaged in trial preparation or a trial date had been set.

Narramore also argues that because the district court did not decide his constitu-

tionally based pretrial motion until the eve of trial, the denial of the section (b) reduction was impermissibly based upon the exercise of constitutional rights. He relies upon *United States v. Rodriguez*, 959 F.2d 193 (11th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 649, 121 L.Ed.2d 563 (1992), in which the Eleventh Circuit held that a defendant who had exercised constitutional or statutory rights could not have such conduct weighed against him in considering his eligibility for a two-level acceptance of responsibility reduction under section (a). The rule in this circuit is similar. A sentencing court may not consider constitutionally protected conduct against a defendant in deciding whether to provide the defendant with a two-level reduction under section (a). *United States v. Watt*, 910 F.2d 587, 592 (9th Cir.1990); *see United States v. Johnson*, 956 F.2d 894, 904 (9th Cir.1992).

■ The key inquiry for purposes of section (a) is whether there has been contrition. *See United States v. McKinney*, 15 F.3d 849, 852–55 (9th Cir.1994). The additional reduction in section (b) with which we are concerned, is unlike the initial reduction in section (a), for it does not rest upon the demonstration of contrition. Section (b) allows the defendant to earn an additional reduction by providing timely notice of his intention to plead guilty, and it thus creates an incentive for an early plea. Incentives for plea bargaining are not unconstitutional merely because they are intended to encourage a defendant to forego constitutionally protected conduct. In *Corbitt v. New Jersey*, 439 U.S. 212, 99 S.Ct. 492, 58 L.Ed.2d 466 (1978), the Supreme Court upheld a murder statute which created the possibility that those pleading nolo contendere to certain murders could receive a sentence less severe than a maximum sentence possible if they elected to go to trial. The Supreme Court held that as long as there is no indication the defendant has been retaliated against for exercising a constitutional right, the government may encourage plea bargains by affording leniency to those who enter pleas. *Id.* at 223. Failure to afford leniency to those who "have not demonstrated those attributes on which leniency is based" is "unequivocally ... constitutionally prop[er]." *Id.* at 224, 99

S.Ct. at 500. Narramore's failure to comply with § 3E1.1(b) similarly makes him ineligible for the leniency that it provides. There has been no impermissible retaliation in this case, for, as explained above, by advising the government of his intent to plead guilty if his trial motion were denied, Narramore could have enabled the government to avoid trial preparation.

■ Narramore raises two other grounds that he alleges entitle him to the third-level reduction under § 3E1.1(b). These are (1) the fact that his guilty plea allowed the government to secure the guilty pleas of his codefendants, and (2) Narramore's remarkable rehabilitation since his incarceration. We, however, cannot expand upon the two discrete grounds for reduction outlined by the Commission in U.S.S.G. § 3E1.1(b). *See United States v. Tello*, 9 F.3d 1119, 1125–26 (5th Cir.1993).

■ Finally, Narramore contends that he is entitled to a three-level reduction because he was not permitted to render assistance to the government in other cases even though he was willing to do so. Reductions for substantial assistance to authorities are governed by 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, and are available only on motion by the government. Nothing in the text of § 3E1.1 or its application notes suggests that the three-level reduction for acceptance of responsibility can be based on substantial assistance or attempted substantial assistance.

AFFIRMED.