UNITED STATES of America,
Plaintiff-Appellee,

v.

Jaime VILLASENOR–CESAR,
Defendant-Appellant.

No. 96–30194.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 1997.

Decided June 10, 1997.

Mary C. Geddes, Assistant Federal Defender, Anchorage, AK, for defendant-appellant.

Joseph W. Bottini, Assistant United States Attorney, Anchorage, AK, for plaintiff-appellee.

Before LAY,* BEEZER and TROTT, Circuit Judges.

* The Honorable Donald P. Lay, Senior Circuit Judge for the Eight Circuit, sitting by designa-

## OPINION

TROTT, Circuit Judge:

### Overview

Jaime Villasenor–Cesar appeals his sentence imposed following a trial to the district court on stipulated facts. Villasenor–Cesar contends that the district court erred by failing to adjust his sentence downward an additional one-level, pursuant to section 3E1.1(b)(2) of the Sentencing Guidelines, based on his acceptance of responsibility. Because Villasenor–Cesar did not timely notify authorities of his intention to plead guilty, he did not qualify for the additional one-level adjustment. We therefore affirm.

### Background

Villasenor–Cesar was indicted for one count of unlawful reentry of an alien previously deported following a conviction of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The case was originally set for trial on December 18, 1995. On December 15, 1995, at the hearing regarding Villasenor–Cesar's motion for continuance, both counsel indicated that the trial would take two days. Villasenor–Cesar's counsel also noted that "any lengthy presentation of evidence" might "be in the context of a motion to dismiss rather than at trial." The district court granted Villasenor–Cesar's motion for continuance and rescheduled the trial for February 12, 1996. On February 7, 1996, the district court accepted Villasenor–Cesar's waiver of his right to jury trial and granted his unopposed motion for a bench trial. The district court also granted Villasenor–Cesar's request for a continuance to allow additional briefing on the issue of the lawfulness of his underlying deportation. On February 16, Villasenor–Cesar filed a motion to dismiss on the ground that the deportation was unlawful; the Government opposed this motion. Villasenor–Cesar, however, failed to

obtain a ruling on his motion to dismiss prior to the trial date.

On March 7, 1996, the case was tried to the court. The court first considered an underlying discovery dispute and then took up Villasenor–Cesar's motion to dismiss the indictment. Villasenor–Cesar contended that his prior deportation was unconstitutional[1] because, in obtaining waivers of his rights to counsel and to appeal, the magistrate judge had denied him due process. The district court found that the deportation proceedings "were sufficiently complete to satisfy the requirements of due process," and therefore it denied Villasenor–Cesar's motion to dismiss.

The district court then considered whether Villasenor–Cesar had violated 8 U.S.C. §§ 1326(a) and (b)(2). The parties had stipulated: 1) that, at the time of the offense, Villasenor–Cesar was an alien; 2) that Villasenor–Cesar was arrested and deported in 1992; 3) that Villasenor–Cesar's prior deportation was subsequent to his 1989 California conviction for possession of marijuana for sale; 4) that Villasenor–Cesar was apprehended in Alaska in 1995; and 5) that Villasenor–Cesar had not sought or obtained permission to reenter the U.S. Based on these stipulated facts and on its findings that the deportation was lawful and that Villasenor–Cesar's prior conviction was for an aggravated felony, the court convicted Villasenor–Cesar.

At sentencing, Villasenor–Cesar requested a three-point reduction in his offense level for acceptance of responsibility, pursuant to USSG § 3E1.1. The Pre–Sentence Report did not recommend any adjustment for acceptance of responsibility. Although the Government initially opposed the request, the Government indicated at the sentencing hearing that a two-level adjustment was appropriate. The district court noted that Villasenor–Cesar had questioned both "the legality of his prior deportation" and "the quantity or significance of the drug offense;"

tion.

1. Defendant argued that the lawfulness of the underlying deportation was an element of the offense. At the time of trial, this position was supported by *United States v. Ibarra*, 3 F.3d 1333, 1334 (9th Cir.1993). Subsequently, the Ninth

Circuit overruled *Ibarra* and held that the lawfulness of a deportation is not an element of the illegal reentry offenses. *United States v. Alvarado–Delgado*, 98 F.3d 492, 493 (9th Cir.1996) (en banc), *cert. denied*, — U.S. —, 117 S.Ct. 1096, 137 L.Ed.2d 228 (1997).

therefore, "there was a contest." Recognizing that Villasenor–Cesar's arguments were "all of a legal nature," the court observed that "[t]he Ninth Circuit has said a number of times that anybody has a right to rely on the Constitution and cannot be sanctioned for interposing any defense, such as entrapment or seeking to suppress evidence." Finding this to be a "borderline case," the district court adjusted Villasenor–Cesar's offense level by two levels for acceptance of responsibility. On appeal, Villasenor–Cesar argues that the district court erred by failing to adjust his offense level an additional one-level pursuant to USSG § 3E1.1(b)(2).

**Standard of Review**

Whether a defendant is entitled to an adjustment based on acceptance of responsibility is a factual determination reviewed for clear error. *United States v. Felix,* 87 F.3d 1057, 1060 (9th Cir.1996). We also review for clear error a district court's decision to withhold the additional one-level adjustment under section 3E1.1(b) of the Guidelines. *United States v. Hopper,* 27 F.3d 378, 381 (9th Cir.1994). We review de novo the district court's application of the Sentencing Guidelines. *United States v. Kimple,* 27 F.3d 1409, 1411 (9th Cir.1994).

**Discussion**

This case presents the question of whether a defendant can qualify for the one-level additional adjustment pursuant to section 3E1.1(b)(2) if the defendant does not notify authorities of an intent to plead guilty. We hold that a defendant cannot.

Section 3E1.1 of the Sentencing Guidelines provides that a defendant qualifies for a two-level downward adjustment "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). If a defendant qualifies for the two-level adjustment under subsection (a), then he is entitled to an additional one-level adjustment if:

**2.** Section 3E1.1(b)(1) provides that a defendant qualifies for the additional one-level adjustment by "timely providing complete information to the government concerning his own involvement in

the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

\* \* \*

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

USSG § 3E1.1(b).[2] The third level of adjustment is mandatory if the circumstances apply. *United States v. Colussi,* 22 F.3d 218, 219 (9th Cir.1994).

Under the language of the Guideline, Villasenor–Cesar is not entitled to the additional one-level adjustment pursuant to subsection (b)(2) because he did not "timely notify[ ] authorities of his intention to enter a plea of guilty." Villasenor–Cesar, however, does not confront this language, but instead relies on the language of the Guideline's Application Notes to argue that he is entitled to the third level even though he went to trial. Application Note 2 states:

This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. *Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).* In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

the offense." Here, Villasenor–Cesar does not argue that he qualifies for the adjustment pursuant to subsection (b)(1).

USSG § 3E1.1, comment. (n.2) (emphasis added). The note, in discussing "[t]his adjustment," does not specify whether it refers to the two-level adjustment available under subsection (a) or the additional one-level adjustment provided by subsection (b)(2). Because subsection (b)(2) expressly provides that the defendant must "timely notify[ ] authorities of his intention to enter a plea of guilty," we conclude that note 2 applies only to the subsection (a) adjustment.

Our conclusion is supported by the language, structure, history, and policy of the commentary. First, allowing application of the (b)(2) adjustment even in the rare situations described by the note would directly contradict the requirement of the Guideline itself. It would permit an adjustment for timely notification of an intent to plead guilty in the absence of any such notice. Second, note 2 uses the language of subsection (a) when describing when a defendant who goes to trial is nonetheless eligible for the adjustment: "In rare situations a defendant may *clearly demonstrate an acceptance of responsibility* for his criminal conduct even though he exercises his constitutional right to a trial." USSG § 3E1.1, comment. (n.2) (emphasis added). Third, note 2 pre-dates the 1992 amendments that added subsection (b) and the additional one-level adjustment. *See* USSG § 3E1.1, comment. (n.2) (1991). Prior to 1992, a two-level adjustment was available "[i]f the defendant clearly demonstrate[d] a recognition and affirmative acceptance of personal responsibility," regardless of whether he entered a guilty plea or went to trial. USSG § 3E1.1(a), (b) (1991). Fourth, limiting note 2's application to subsection (a) gives full meaning to both it and the other notes. Note 6 stresses the timeliness of a defendant's notification of his intent to plead guilty: "For example, to qualify under subsection (b)(2), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process...." USSG § 3E1.1, comment. (n.6) (1996). This note was added by the 1992 amendments. *See* USSG App. C, amd. 459. If note 2 applied to the subsection (b)(2) adjustment, it would conflict with the mandatory language of note 6.

■ Finally, subsection (b)(2)'s judicial efficiency rationale indicates that the Guidelines mandate notice of the intent to enter a guilty plea in order to meet the conditions of (b)(2). We have held that "[t]he importance of timeliness is particularly evident given the primary purpose in subsection (b) of promoting prosecutorial and judicial economy and efficiency." *Hopper,* 27 F.3d at 384; *see also United States v. Townsend,* 73 F.3d 747, 755 (7th Cir.1996) (explaining that the (b)(2) adjustment "was intended to reward early information and guilty pleas that enhance the efficiency of the government and the court" and "provides an additional one-level reduction when the defendant's conduct is timely enough to avoid trial preparation and scheduling"). A district court may properly deny the additional one-level reduction based on a finding that the timeliness element was not met. *Hopper,* 27 F.3d at 384. "[I]f either the prosecution is substantially prepared to present its case or the court has not been given sufficient time to reschedule its calendar, then the defendant is not entitled to an additional one-level reduction under subsection (b)(2)." *Id.* at 385 (holding that defendant was not entitled to third-level reduction because guilty plea entered three weeks before trial was not timely). If a failure to provide timely notice is sufficient to deny the adjustment, then, a fortiori, a failure to provide any notice requires such a denial. Subsection (a), by contrast, does not focus on timeliness, but on rewarding a defendant's show of contrition. *United States v. Narramore,* 36 F.3d 845, 847 (9th Cir.1994); *see also United States v. McKinney,* 15 F.3d 849, 853 (9th Cir.1994) (applying 1991 Guidelines and focusing on the defendant's contrition because "[t]he primary goal of the reduction is to reward defendants who are genuinely contrite."). A defendant can show contrition for his conduct while making a legal challenge at trial. A defendant cannot, however, timely notify the Government of an intent to plead guilty, thus permitting the Government to avoid trial preparation and, at the same time, proceed to trial.

Our interpretation of subsection (b)(2) as requiring a defendant to timely notify authorities of his intention to plead guilty is not undermined by our statement in *United*

*States v. McKinney,* 15 F.3d at 852, that "[a] defendant is not required to plead guilty to receive the acceptance of responsibility reduction." As discussed above, the 1991 Guidelines did not provide for the additional one-level reduction that Villasenor–Cesar contests in this case. Rather, the 1991 adjustment was the functional equivalent of the subsection (a) adjustment under the current Guidelines.[3]

Our conclusion that a defendant is ineligible for the subsection (b)(2) additional adjustment if he fails to comply with the express requirements of the Guidelines does not impermissibly penalize that defendant for exercising his constitutional right to trial. We recognize that the "exercise of a constitutional right cannot be held against a defendant for purposes of the adjustment." *United States v. Vance,* 62 F.3d 1152, 1157 (9th Cir.1995). As we explained in *McKinney,* "were a defendant required to plead guilty to be entitled to the reduction, the sentencing guidelines would penalize the exercise of the constitutional right to go to trial." *Id.* at 852; *see also United States v. Gonzalez,* 897 F.2d 1018, 1020 (9th Cir.1990) (stating that "an accused may not be subjected to more severe punishment for exercising his constitutional right to stand trial") (citation and alteration omitted). Holding defendants to the explicit requirements of subsection (b)(2) does not necessarily penalize those who choose to go to trial.

Defendants are not precluded from an additional adjustment because they choose to go to trial. Although a defendant who does not timely notify authorities of his intention to plead guilty is precluded by the explicit requirements of the Guidelines from receiving the additional adjustment under subsection (b)(2), subsection (b)(1) does not require a plea. Therefore, an additional one-level adjustment is available to defendants who do not plead guilty, pursuant to subsection (b)(1). *See United States v. Eyler,* 67 F.3d 1386, 1391 (9th Cir.1995) (stating that subsections (b)(1) and (b)(2) create two separate classes of cases in which defendants are entitled to receive the adjustment and holding that defendant, who went to trial, nonetheless qualified for additional adjustment under subsection (b)(1)). Here, Villasenor–Cesar does not argue that he qualified for the adjustment under subsection (b)(1).

Further, "[i]ncentives for plea bargaining are not unconstitutional merely because they are intended to encourage a defendant to forego constitutionally protected conduct." *Narramore,* 36 F.3d at 845. In *United States v. Narramore,* we held that the additional subsection (b)(2) adjustment was not impermissibly denied, on the basis of the exercise of constitutional rights, to a defendant who challenged his indictment on double jeopardy grounds and did not plead guilty until the eve of trial. Discussing the Supreme Court's decision in *Corbitt v. New Jersey,* 439 U.S. 212, 99 S.Ct. 492, 58 L.Ed.2d 466 (1978), we reasoned:

> The Supreme Court held that as long as there is no indication the defendant has been retaliated against for exercising a constitutional right, the government may encourage plea bargains by affording leniency to those who enter pleas. Failure to afford leniency to those who "have not demonstrated those attributes on which leniency is based" is "unequivocally ... constitutionally proper." Narramore's failure to comply with § 3E1.1(b) similarly makes him ineligible for the leniency that it provides.

*Narramore,* 36 F.3d at 847 (quoting *Corbitt,* 439 U.S. at 223, 224, 99 S.Ct. at 499–500, 500)(internal citations and alterations omitted).[4]

---

**3.** The *McKinney* court held that the facts at issue presented one of the unusual cases where the defendant was entitled to the reduction despite having pled not guilty. 15 F.3d at 852. The district court had rebuffed the defendant's attempts to plead guilty, and he had put on a minimal defense at trial. Villasenor–Cesar argues that, like McKinney, he is entitled to a reduction despite having pled not guilty. However, Villasenor–Cesar did in fact receive the same benefit as McKinney. McKinney did not receive the additional one-point adjustment pursuant to subsection (b)(2), which was not available at that time.

**4.** The *Narramore* court noted that Narramore could have enabled the government to avoid trial preparation and preserved his eligibility for the additional adjustment had he notified authorities of his intent to plead guilty if his motion were

Similarly, we rejected a challenge to the acceptance of responsibility adjustment (under the old Guidelines) on the grounds that it chills the exercise of a defendant's Fifth Amendment right against self-incrimination by requiring a defendant to "contritely admit guilt" in order to receive the adjustment. *Gonzalez*, 897 F.2d at 1021. We explained:

> We begin by observing that the reduction provided for in Section 3E1.1 is merely a benefit which may be accorded to a defendant if he is able to make the necessary showing. The possibility of leniency in the statute does not make denial of lenient treatment impermissible where the district court determines that the defendant failed to exhibit the requisite contrition.

*Id.* Thus, the denial of the benefit of an additional adjustment pursuant to section (b)(2) to defendants who do not plead guilty is not constitutionally impermissible.

## Conclusion

Section 3E1.1(b)(2) requires a defendant to timely notify authorities of his intention to enter a guilty plea in order to qualify for an additional one-level adjustment. This requirement may be applied to preclude defendants who do not provide such notice from qualifying for the adjustment without penalizing them for exercising constitutional rights. Because Villasenor–Cesar failed to meet the explicit requirements of the Guidelines, we affirm the district court's denial of the additional one-level adjustment.

denied. 36 F.3d at 846. Like Narramore, Villasenor–Cesar could have preserved the availability of the subsection (b)(2) adjustment if, instead of pursuing a stipulated-facts trial, he had notified authorities of his intent to plead guilty if the district court ruled against him on his motion to dismiss the indictment. If granted, the motion would have obviated the need for trial. If denied, Villasenor–Cesar would have gained nothing from the trial, where the outcome was a foregone conclusion.