UNITED STATES of America,
Plaintiff–Appellee,

v.

Martin DELGADO–MARTINEZ, aka
Martin Martinez Defendant–
Appellant.

No. 00–10235.
D.C. No. CR 99–426–MMC.

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 2001.*

Decided June 13, 2001.

Before NOONAN, SILVERMAN,
Circuit Judges, and SEDWICK,** District

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable John W. Sedwick, United States District Judge for Alaska, sitting by designation.

Judge.

## MEMORANDUM ***

Martin Delgado–Martinez, a native and citizen of Mexico, was convicted of violating 8 U.S.C. § 1326, Illegal Reentry Following Deportation, and now appeals his conviction. We have jurisdiction under 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the facts, we will not set them out in detail.

■ The defendant first contends that the district court's answer to the jury's question effectively directed a verdict. He argues that the judge's answer, that a green card is no longer valid after an alien is deported, impermissibly "prejudged a conclusion which the jury should reach of its own volition." Whether the district court erred in answering a jury question is reviewed for abuse of discretion. *United States v. Romero–Avila*, 210 F.3d 1017, 1024 (9th Cir.2000). This court considers whether the judge's answer was "misleading or confusing, inadequately guided the jury's deliberations, or improperly intruded on the fact-finding process." *United States v. Warren*, 25 F.3d 890, 898 (9th Cir.1994).

■ Here, the judge did not confuse, mislead, or inadequately guide the jury; she answered the jury's question with a clear and correct statement of law. Further, the answer did not encroach upon the jury's fact-finding process because the answer merely stated the law and did not discuss or apply specific facts of the defendant's case to that law. *See United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th

Cir.1993) (province of the district court to instruct the jury on the law).

■ The defendant next contends that the court erred when it refused to give him a downward departure for acceptance of responsibility under U.S.S.G. § 3E1.1. The denial of a downward departure is reviewed for clear error. *United States v. Villasenor–Cesar*, 114 F.3d 970, 973 (9th Cir.1997).

■ A defendant receives a sentencing adjustment for acceptance of responsibility if he "clearly demonstrates acceptance of responsibility for his criminal offense." U.S.S.G. § 3E1.1. In rare cases, a defendant may receive this adjustment even if he exercises his constitutional right to a trial. *United States v. McKinney*, 15 F.3d 849, 852 (9th Cir.1994). In this case, the defendant, who carries the burden of proof to show acceptance of responsibility, offered no affirmative evidence that conveyed his acceptance of responsibility. His mistaken belief about the validity of the green card, even if true, does not demonstrate an acceptance of responsibility. The district court's denial of the downward adjustment was not clearly erroneous.

AFFIRMED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.