## UNITED STATES of America, Plaintiff—Appellee,

v.

## Jesus Robles URIBE, Defendant—Appellant.

No. 00–50232.

D.C. No. CR–99–00002–RJT–4.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 18, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before FARRIS, W. FLETCHER and FISHER, Circuit Judges.

### MEMORANDUM**

Jesus Robles Uribe appeals his conviction pursuant to guilty plea and his sentence for conspiracy and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Uribe's counsel has filed a brief stating that there are no meritorious issues for review, and a motion to withdraw as counsel of record. Uribe has filed a supplemental pro se brief.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Counsel has identified, and properly rejected, three potential issues for review on direct appeal. First, he points to the district court's denial of a minor role adjustment. Given the undisputed facts, there was no clear error. *See United States v. Murillo*, 255 F.3d 1169, 1179 (9th Cir.2001) (affirming denial of role adjustment in light of significant quantity of drugs, plus evidence suggesting prior involvement by defendant), *cert. denied* —— U.S. ——, 122 S.Ct. 1342, 152 L.Ed.2d 245 (2002).

■ Second, counsel refers to the denial of the third point for acceptance of responsibility. Given Uribe's failure to admit his full involvement upon arrest, and his mid-trial guilty plea, there was no error. *See United States v. Villasenor–Cesar*, 114 F.3d 970, 973–74 (9th Cir.1997) (describing requirements for third point).

Finally, counsel mentions possible allegations of ineffective assistance of counsel. We decline to consider the issue on this record. *United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000) (limiting consideration on direct appeal).

■ Uribe, in his pro se supplemental brief, contends that downward departures would have been appropriate based on aberrant behavior and lack of knowledge of the purity of the drug. Because defendant made no request for these departures in the district court, they are waived. *See United States v. Tucker*, 133 F.3d 1208, 1219 (9th Cir.1998).[1]

Uribe contends that the Sentencing Guidelines are unconstitutional, and that the statutory and guideline sentencing ranges are inhumane. The constitutionali-ty of the Guidelines was upheld in *Mistretta v. United States*, 488 U.S. 361, 412, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Congress and the Sentencing Commission have the authority to make the policy decisions to which Uribe objects. *See id.* 488 U.S. at 379; *United States v. Berger*, 103 F.3d 67, 71 (9th Cir.1996).

Uribe contends that 21 U.S.C. § 841 is unconstitutional based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In light of *United States v. Buckland*, 277 F.3d 1173, 1178–82 (9th Cir.2002) (en banc), we reject this argument.[2]

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) discloses no issues for review. Counsel's motion to withdraw is **GRANTED**, and the district court's judgment is **AFFIRMED**.

---

1. Uribe also contends that his silence should not affect his eligibility for a downward departure. It is, however, the defendant's burden to show that the facts of his case warrant a downward departure. *See United States v. Tucker*, 133 F.3d 1208, 1219 (9th Cir.1998); *United States v. Lipman*, 133 F.3d 726, 729–30 (9th Cir.1998).

2. Uribe's request for new counsel and oral argument is denied.