**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Miguel Angel AYALA–SANABRIA,
Defendant—Appellant.**

No. 01–50685.

D.C. No. CR–00–03536–TJW.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002.*

Decided May 29, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* Because the panel unanimously finds this case suitable for decision without oral argument,

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

MEMORANDUM **

Miguel Angel Ayala–Sanabria appeals the 24–month sentence imposed following his jury conviction for being found in the United States after having been previously deported, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review de novo the district court's interpretation and application of the Sentencing Guidelines. *United States v. Franklin*, 235 F.3d 1165, 1168 (9th Cir. 2000). We review for clear error the district court's determination that a defendant is not entitled to a reduction in his offense level for acceptance of responsibility. *United States v. Villasenor–Cesar*, 114 F.3d 970, 973 (9th Cir.1997). We affirm.

Ayala–Sanabria contends that his 1986 second-degree burglary conviction under California Penal Code § 459 does not qualify as an aggravated felony warranting enhancement of his sentence under U.S.S.G. § 2L1.2(b)(1)(A), because the state statute covers both conduct that would constitute burglary under the federal definition in *Taylor v. United States*, 495 U.S. 575, 598–99, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) and conduct that would not. The district court, however, did not err by finding that the pre-sentence report contained sufficient reliable and uncontroverted evidence that Ayala–Sanabria committed a burglary as defined by *Taylor.* *See United States v. Romero–Rendon*, 220 F.3d 1159, 1163 & n. 4 (9th Cir.), *cert.*

Ayala–Sanabria's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

*denied,* 531 U.S. 1043, 121 S.Ct. 640, 148 L.Ed.2d 546 (2000).

Ayala–Sanabria's contention that the district court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) is foreclosed by our decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.) (as amended), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

Finally, Ayala–Sanabria contends that the district court erred by finding that he was not entitled to an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. This contention lacks merit because this is not one of those rare situations where a defendant has clearly accepted responsibility despite having gone to trial. *See* U.S.S.G. § 3E1.1, cmt. n. 2; *United States v. McKinney*, 15 F.3d 849, 852 (9th Cir.1994).

**AFFIRMED.**