**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Rufino ARRONEZ–ESCOBEDO,**
**Defendant—Appellant.**

No. 99–50725.
D.C. No. CR–98–03061–NAJ.

United States Court of Appeals,
Ninth Circuit.

Submitted April 3, 2002.*

Decided Sept. 5, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See    Fed. R.App. P. 34(a)(2).

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

### MEMORANDUM **

Rufino Arronez–Escobedo appeals his sentence of eighty-four months' imprisonment following his conviction of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. He argues that the district court erred in denying him the additional one-level acceptance of responsibility reduction provided under U.S.S.G. § 3E1.1(b) (1998).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The Government argues that Arronez–Escobedo waived the argument that he was entitled to the additional one-level reduction by failing to raise the issue in the district court. We disagree. Arronez–Escobedo did not file any objections to his Presentence Report ("PSR"), which recommended that the district court grant the two-level acceptance of responsibility reduction under § 3E1.1(a) but deny the additional one-level reduction under subsection (b), and he did not argue for the three-level reduction at his sentencing hearing. However, because Arronez–Escobedo did not affirmatively confirm the factual accuracy of the PSR, his failure to raise the § 3E1.1(b) argument was a forfeiture, not a waiver. *See United States v. Jimenez*, 258 F.3d 1120, 1124 & n. 3 (9th Cir.2001), *cert. denied*, — U.S. —, 122 S.Ct. 1115, 151 L.Ed.2d 1009 (2002). We may therefore review his argument under the plain error standard. *See id.* We have discretion to reverse the district court if: (1) there was error; (2) the error was "plain", i.e. "clear" or "obvious"; and (3) the plain error affected the defendant's substantial rights. *See id.*

■ Arronez–Escobedo entered his guilty plea on the day his trial was scheduled to begin. There is no indication in the record that he notified the Government of his intention to plead guilty prior to that date. He was not entitled to the one-level reduction provided by § 3E1.1(b)(2) because his plea did not allow the Government to avoid preparing for trial or permit the district court to allocate its resources efficiently. Further, Arronez–Escobedo's argument that § 3E1.1(b)(2) is unconstitutional is foreclosed by *United States v.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. U.S.S.G. § 3E1.1(b) states:

  If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

  (1) timely providing complete information to the government concerning his own involvement in the offense; or

  (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by 1 additional level.

*Villasenor–Cesar,* 114 F.3d 970, 976 (9th Cir.1997).

■ Arronez–Escobedo also argues that he fulfilled the requirements of § 3E1.1(b)(1) because he provided complete and truthful information about his conduct to border patrol agents and to the probation officer during his presentencing interview. Where the defendant qualifies for the two-level reduction under § 3E1.1(a), the additional one-level reduction is mandatory if he or she satisfies the conditions of either subsection (b)(1) or (b)(2). *United States v. Corona–Garcia,* 210 F.3d 973, 980 (9th Cir.2000). The only issues are timeliness and completeness. *United States v. Blanco–Gallegos,* 188 F.3d 1072, 1077 (9th Cir.1999).

Arronez–Escobedo's disclosures to the border patrol agents were timely under § 3E1.1(b)(1), but they were not complete. A defendant who admits all of the elements of the charged offense has given "complete information" for purposes of § 3E.1.1(b)(1). *Id.* The necessary elements of a § 1326 violation are: alien status; prior deportaiton; and reentering the United States without proper authorization. *Corona–Garcia,* 210 F.3d at 980. Because there is no indication in the record that Arronez–Escobedo admitted being previously deported,[2] he did not provide complete information to the border patrol agents.

Arronez–Escobedo's disclosures during his presentencing interview, though complete, were not timely for purposes of § 3E1.1(b)(1) because they did not assist the authorities in investing or prosecuting his offense. *See* U.S.S.G. § 3E1.1, cmt. n.6 (statingthat generally the conduct which qualifies a defendant for a reduction

under § 3E1.1(b)(1) or (2) occurs "particularly early in the case"). The district court did not commit plain error in denying Arronez–Escobedo the additional one-level reduction under § 3E1.1(b).

AFFIRMED.

---

**2.** The "Record of Deportable/Inadmissible Alien" submitted by the Government in their supplemental excerpts of record was not filed in the district court and is not considered as part of the record on appeal. *See* Fed. R.App.P. 10(a)(1); *Kirshner v. Uniden Corp. of Am.,* 842 F.2d 1074, 1077 (9th Cir.1988).