**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Walter CORTES, Defendant–Appellant.**

**No. 03–50111.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 13, 2004.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Walter Cortes appeals from the district court's order re-sentencing him to 97 months in prison for attempted car-jacking, a violation of 18 U.S.C. § 2119. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Cortes contends that the district court erred by denying his requested sentencing reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility because the district court considered Cortes's post-trial statements as well as his pre-trial statements. We review for clear error, *United States v. Villasenor–Cesar*, 114 F.3d 970, 973 (9th Cir.1997).

** This disposition is not appropriate for publication and may not be cited to or by the

While the commentary to § 3E1.1 states that a district court should rely primarily on pre-trial statements by a defendant who proceeds to trial, the district court's chief inquiry is whether the defendant demonstrated "sincere contrition" on the basis of the whole record. *See* U.S.S.G. § 3E1.1, cmt. n. 2; *United States v. Cortes*, 299 F.3d 1030, 1038 (9th Cir. 2002); *United States v. Molina*, 934 F.2d 1440, 1451 (9th Cir.1991). Here, the district court considered all of Cortes's statements before, during, and after his trial, and thus did not clearly err. *See Villasenor–Cesar*, 114 F.3d at 973.

Cortes also contends in a supplemental brief that his sentencing enhancements for using a dangerous weapon and inflicting serious bodily injury violate the Sixth Amendment. We disagree. Because Cortes admitted all of the facts underlying the enhancements, the district court did not engage in improper fact-finding. *See Apprendi v. New Jersey*, 530 U.S. 466, 488, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Cf. Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

AFFIRMED.