UNITED STATES of America,
Plaintiff—Appellee,

v.

Sergio SOTO, Defendant—Appellant.

No. 05–50373.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 17, 2006.

Filed March 2, 2006.

Mark Aveis, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Carlton Frederick Gunn, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant—Appellant.

Before: NOONAN, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM *

Defendant/Appellant Sergio Soto was convicted by a jury in the Central District of California of one count of possession of cocaine, in violation of 21 U.S.C. § 841(a)(1), and entered a conditional guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Soto to 46 months' imprisonment under the advisory Guidelines regime. Soto now appeals both his convictions and the resulting sentence. *Soto's Motion to Suppress* [1]

We reject Soto's contention that this case is governed by *United States v.*

*Beck*, 598 F.2d 497 (9th Cir.1979). The *Beck* court found that an arrest had occurred because "[t]he degree of force [used by the officers] . . . was unreasonable." *Id* at 502. Here, in contrast, no "force" was used—the officers did not draw their guns or physically restrain Soto, and Soto got out of his car on his own. Moreover, although there were multiple police vehicles and officers present, only one officer actually approached Soto to speak with him. We find these facts to be closer to those of *United States v. Patterson*, 648 F.2d 625, 633 (9th Cir.1981), and *United States v. O'Connor*, 658 F.2d 688, 691–92 (9th Cir.1981), in which no arrest occurred, than to those of *Beck.* We therefore conclude that Soto was not under arrest when he told police officers of the gun and cocaine in his apartment. Thus, the ensuing search was a valid consent search, and Soto's motion to suppress was properly denied.

*The Constitutionality of USSG § 3E1.1(b)* [2]

The Supreme Court's decision in *Corbitt v. New Jersey*, 439 U.S. 212, 99 S.Ct. 492, 58 L.Ed.2d 466 (1978), establishes the constitutionality of the incentives provided by United States Sentencing Guidelines § 3E1.1(b). In *Corbitt*, the Supreme Court rejected a Sixth Amendment challenge to a differential sentencing scheme that mandated life imprisonment for defendants convicted of first degree murder, but allowed judges to sentence defendants who pled guilty to life *or* to a lesser term of imprisonment. *Id.* at 215–

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Whether a warrantless detention of a suspect constitutes an arrest or an investigative detention is a question of law that we review

de novo. *United States v. Charley*, 396 F.3d 1074, 1079 (9th Cir.2005).

2. An attack on the constitutionality of a provision of the Sentencing Guidelines raises a question of law that we consider de novo. *United States v. Leasure*, 319 F.3d 1092, 1096 (9th Cir.2003).

16, 99 S.Ct. 492. The *Corbitt* Court noted that prior cases "unequivocally recognize[d] the constitutional propriety of extending leniency in exchange for a plea of guilty and of not extending leniency to those who have not demonstrated those attributes on which leniency is based." *Id.* at 224, 99 S.Ct. 492. Moreover, *Corbitt* recognized that such leniency could be afforded by means of a statute or general rule, as well as through individualized plea agreements between prosecutors and defendants. *Id.* at 224, n. 14, 99 S.Ct. 492. Our own caselaw reflects this rule: "[A]s long as there is no indication the defendant has been retaliated against for exercising a constitutional right, the government may encourage plea bargains by affording leniency to those who enter pleas." *United States v. Narramore,* 36 F.3d 845, 847 (9th Cir.1994); *see also United States v. Villasenor–Cesar,* 114 F.3d 970, 975 (9th Cir. 1997).

Here, § 3E1.1(b) does precisely what *Corbitt, Villasenor–Cesar,* and *Narramore* contemplate—it affords defendants who plead guilty "leniency" in the form of a Guidelines range reduction that offers the possibility, although not the certainty, of a lesser sentence. Under our controlling precedents, there is no constitutional infirmity in that procedure.[3]

The decision of the district court is AFFIRMED.

---

**3.** Soto also suggests that § 3E1.1(b) is unconstitutional as applied to him because it penalized him for proceeding to trial on a count of which he was acquitted (a count alleging that Soto possessed a gun in connection with a drug crime). This argument is unpersuasive, however, because Soto also proceeded to trial on a count alleging possession of cocaine—a count on which he was, in fact, convicted. Soto could have pled guilty to this latter

count, but he chose not to, and it is *that* decision that resulted in his being denied the § 3E1.1(b) reduction.

