**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ratomir VUKASINOVIC, Defendant– Appellant.**

**No. 06–10297.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2007.

Filed Feb. 9, 2007.

Joseph A. Fazioli, U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Daniel P. Blank, Esq., Federal Public Defender's Office, San Francisco, CA, for Defendant–Appellant.

Before: HUG and W. FLETCHER, Circuit Judges, and HOLLAND *, District Judge.

* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

## MEMORANDUM **

Appellant Ratomir Vukasinovic was convicted, following a bench trial, of being found in the United States after illegal re-entry, in violation of 8 U.S.C. § 1326, and was sentenced to 51 months in custody. He now appeals his conviction and his sentence. He challenges his conviction on two grounds: (1) the district court erred by denying his motion to dismiss the indictment due to the unfairness of the underlying removal order, and (2) the district court erred by refusing to order the government to accept a conditional plea. He also challenges his sentence on two grounds: (1) the district court erred by declining to award him an additional one level downward adjustment for acceptance of responsibility, and (2) his sentence was unreasonable because the district court erroneously concluded that he had committed crimes after his illegal re-entry. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

■ 1. The district court did not err by denying appellant's motion to dismiss the indictment. In order for a defendant charged with illegal re-entry under 8 U.S.C. § 1326 to prevail in a collateral attack on his removal order,

a defendant must ... demonstrate (1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair.

*United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1048 (9th Cir.2004). Appellant

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cannot satisfy either the first or the third part of this test.

Appellant sought further administrative relief by filing a motion to reopen, which the immigration judge ("IJ") denied. Appellant appealed the denial of the motion to reopen, but this appeal was dismissed when appellant was removed to Yugoslavia. Appellant argues that the dismissal was not his fault because he was involuntarily removed. Appellant could have, but failed to, request a stay of removal while his appeal was pending. *See* 8 C.F.R. § 3.6(b) (2002). Because his appeal was dismissed, appellant did not exhaust his administrative remedies.

■ Appellant argues that he was exempt from the exhaustion requirement because his waiver of the right to an administrative appeal did not comport with due process. An alien's waiver of his right to appeal does not comport with due process if the IJ fails to advise the alien that he may possibly be eligible for relief from removal. *See Ubaldo–Figueroa,* 364 F.3d at 1049. The IJ did not incorrectly inform appellant with respect to eligibility for relief from removal. Rather, the IJ told appellant that he could brief the issue of whether he was entitled to relief from removal. Appellant decided to forgo this opportunity, which resulted in a removal order and the waiver of his right to an administrative appeal of that order. But that was appellant's decision and not the result of any misinformation from the IJ. Because appellant was not misinformed about his eligibility for relief from removal, he also cannot demonstrate that the entry of the removal order was fundamentally unfair.

■ 2. The district court did not err by refusing to order the government to accept a conditional plea. Assuming without deciding that the principles set forth in *Wade v. United States,* 504 U.S. 181, 185–

86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), apply to a conditional plea, there is no evidence that the government withheld its consent to a conditional plea for any improper reason.

■ 3. The district court did not err by declining to award appellant an additional one level adjustment of his offense level pursuant to U.S.S.G. § 3E1.1(b). To qualify for this adjustment, a defendant must, among other factors not relevant here, "timely notify[ ] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial. . . ." Appellant did not plead guilty. He was convicted after a bench trial but nonetheless argues that he met the requirements of § 3E1.1(b) because he stipulated to all the facts necessary to find him guilty. Appellant's argument is foreclosed by our holding in *United States v. Villasenor–Cesar,* 114 F.3d 970, 973 (9th Cir.1997), that a defendant who proceeds by way of a stipulated bench trial is not eligible for the additional one level adjustment for timely notifying authorities of an intent to plead guilty. *See also United States v. Espinoza–Cano,* 456 F.3d 1126, 1136 (9th Cir. 2006).

4. The district court did not erroneously conclude that appellant had committed crimes after his illegal re-entry. The district court never expressly stated that appellant had committed any crimes after he illegally re-entered the United States. The district court stated that appellant was a danger because "he drives on our roads drunk, and he beats up his wives, or at least he has in the past." Given that appellant was arrested in connection with the instant case after he was observed drinking in a bar and then attempting to drive, and that he was served with a temporary restraining order after he had ille-

gally re-entered this country, the district court's conclusions were not erroneous.

AFFIRMED.