**UNITED STATES of America,
Appellee,**

v.

**Pjetro DUSHAJ, Defendant–Appellant.**

**No. 05–5126–cr.**

United States Court of Appeals,
Second Circuit.

March 13, 2007.

David L. Lewis, Lewis & Fiore, New York, NY, for Appellant.

Michael J. Garcia, United States Attorney for the Southern District of New York (Miriam E. Rocah, Harry Sandick, Assistant United States Attorneys, of counsel, on the brief), New York, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, Circuit Judges, Hon. GEORGE B. DANIELS, District Judge.

## SUMMARY ORDER

Following a plea of guilty entered six business days prior to trial, defendant Pjetro Dushaj was sentenced to, *inter alia,* 46 months' imprisonment, the middle of Guidelines range of 41–51 months, which, in turn, was based upon a total offense level of 22 and a criminal history category of I. Having received a two-level reduction for acceptance of responsibility, Dushaj challenges the district court's decision to deny him an additional one-level reduction of his total offense level score pursuant to U.S.S.G. § 3E1.1(b), which permits, under certain circumstances, a defendant to receive a three-level reduction for acceptance of responsibility. We assume the parties' familiarity with the relevant facts and procedural history of this appeal.

An application of the Guidelines to the facts in a specific case is a mixed question of law and fact. *See United States v. Vasquez,* 389 F.3d 65, 75 (2d Cir.2004). To the extent we review a factual finding, review is for clear error, and to the extent we review or invoke a legal conclusion, review is *de novo.*

Under the facts here presented, the district court did not err in awarding Dushaj a two-level, rather than three-level, reduction for acceptance of responsibility when it calculated Dushaj's total offense level.

*First,* even if, as Dushaj argues, a clearly indicated intent to plea could be sufficient to satisfy the resource-saving requirements of § 3E1.1 in some instances, a proposition about which we express no opinion, Dushaj never manifested any such clear intent. Although his trial attorney did state Dushaj's once "present intention" to plead, Dushaj permitted the Government's plea offer to expire and filed various pretrial motions.

*Second,* even if Dushaj did have a "right" to pursue his naturalization claim despite his obvious inability to meet the ongoing requirement that he be of good moral character, our criminal justice system routinely offers defendants an opportunity to waive certain rights in exchange for certain benefits. That Dushaj chose to forgo the benefits associated with pleading early in the litigation in order to pursue different benefits associated with naturalization cannot now relieve him of the consequences of that decision.

*Third,* even if Application Note 2 to § 3E1.1 applied to subsection (b), *see, e.g., United States v. Zwick,* 199 F.3d 672, 693 n. 25 (3rd Cir.1999), *abrogated on other grounds by Sabri v. United States,* 541 U.S. 600, 124 S.Ct. 1941, 158 L.Ed.2d 891 (2004); *United States v. Villasenor–Cesar,* 114 F.3d 970, 974 (9th Cir.1997), the defendant's decision to pursue a naturalization application despite no longer having the requisite moral character to qualify for citizenship is not the "rare situation" contemplated by the Sentencing Commission when it noted the possibility of receiving acceptance of responsibility credit despite proceeding to trial.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.