**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Everardo CERVANTES–RUBIO,**
**Defendant–Appellant.**

**No. 05–50531.**

United States Court of Appeals,
Ninth Circuit.

**602**

Submitted Sept. 13, 2006.*

Submission Deferred Sept. 18, 2006.

Resubmitted April 21, 2008.

Filed April 22, 2008.

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Gonzalo P. Curiel, Esq., Becky S. Walker, Esq., Jason P. Gonzalez, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esq., Davina T. Chen, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: HALL, McKEOWN, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Everardo Cervantes–Rubio ("Cervantes") appeals the sentence imposed following his guilty plea to illegal reentry following removal, in violation of 8 U.S.C. § 1326. We affirm.

### I.

■ The district judge properly considered Cervantes's prior convictions in holding that the maximum potential sentence for his § 1326 conviction was twenty years, not two. The fact of a prior conviction used for sentencing purposes in a § 1326 conviction need not be charged or proven beyond a reasonable doubt. *Almendarez–Torres v. United States*, 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). "[U]nless and until the Supreme Court *expressly* overrules it, *Almendarez–Torres* controls [in cases such as this]." *United States v. Pacheco–Zepeda*, 234 F.3d 411, 415 (9th Cir.2001) (emphasis added). The Supreme Court has not done so. *See Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 868, 166 L.Ed.2d 856 (2007).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## II.

█ United States Sentencing Guidelines § 3E1.1(b) does not unconstitutionally leave sentencing decisions to the discretion of the government rather than the court. *United States v. Villasenor–Cesar,* 114 F.3d 970, 975 (9th Cir.1997). Section 3E1.1(b) encourages plea bargains by affording leniency to those who enter pleas, consistent with the Supreme Court's decision in *Corbitt v. New Jersey,* 439 U.S. 212, 99 S.Ct. 492, 58 L.Ed.2d 466 (1978). *See Villasenor–Cesar,* 114 F.3d at 975. Indeed, § 3E1.1(b) merely offers defendants who plead guilty a guidelines range reduction that offers the possibility of a lesser sentence. "Incentives for plea bargaining are not unconstitutional merely because they are intended to encourage a defendant to forego constitutionally protected conduct." *United States v. Narramore,* 36 F.3d 845, 847 (9th Cir.1994). The decisions in *Corbitt, Narramore,* and *Villasenor* indicate that § 3E1.1(b) should be viewed as providing incentives to plead guilty (in the form of a lower sentence), as opposed to punishing a defendant for not pleading guilty (by imposing a higher sentence).

## III.

█ We have jurisdiction to review Cervantes's 77–month sentence even though it was within (indeed, at the low end of) the Guidelines range. *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007); 18 U.S.C. § 3742(a)(1) (allowing appeal for sentences "imposed in violation of law"). "Appellate review is to determine whether the sentence is reasonable; only a procedurally erroneous or substantively unreasonable sentence will be set aside." *United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008). Here, the district court made no procedural error. The court's explanation was sufficient to enable appellate review, and we may infer additional reasoning from the overall record and pre-sentence report. *See Carty,* 520 F.3d at 991–93.

█ Moreover, the court was within its discretion in concluding that 77 months was a reasonable sentence. We are unconvinced that the court's comments at sentencing indicated that it looked to improper considerations, and it was no abuse of discretion to consider as an aggravating factor that Cervantes illegally reentered so soon after his release from prison. *See* U.S.S.G. §§ 4A1.1(e), 4A1.3. Cervantes has not demonstrated that his case so differed from the "mine run" of cases that a within-Guidelines sentence was unreasonable. *See Carty,* 520 F.3d at 993–94.

## IV.

█ The district court imposed a condition of supervised release requiring Cervantes to "submit to drug and alcohol testing as instructed by the probation officer." Cervantes's challenge to this condition is ripe for review. *United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 771–72 (9th Cir.2006); *United States v. Williams,* 356 F.3d 1045, 1051 (9th Cir.2004). Under *United States v. Stephens,* 424 F.3d 876, 883 (9th Cir.2005), the failure to specify the maximum number of drug tests was an impermissible delegation of the district court's statutory authority under 18 U.S.C. § 3583(d). However, the error under *Stephens* does not affect substantial rights in such a manner that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Maciel–Vasquez,* 458 F.3d 994, 996 (9th Cir. 2006). As such, it is not reversible plain error. *Id.*

## V.

█ The condition of supervised release requiring Cervantes, at the direction of his

probation officer, to "pay all or part of the cost of [Cervantes's] drug and alcohol treatment," was not an improper delegation to the probation officer. *United States v. Soltero*, 510 F.3d 858, 864 (9th Cir.2007); *United States v. Dupas*, 419 F.3d 916, 924 (9th Cir.2005).

### VI.

■ The condition of supervised release that requires Cervantes to report to his probation office "within 72 hours of release from any custody or any re-entry to the United States during the period of court-ordered supervision" does not violate the Fifth Amendment right against self-incrimination. *Rodriguez–Rodriguez*, 441 F.3d at 772.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.