MEMORANDUM **
After being convicted of murder and sentenced to 330 months imprisonment by a Mexican tribunal, Rosemary Huber was transferred to the United States pursuant to the Treaty on the Execution of Penal Sentences, U.S.-Mex., Nov. 25, 1976, 28 U.S.T. 7399 (available at 1977 WL 181724), and sentenced to 276 months imprisonment by the United States Parole Commission (“the Commission”). See 18 U.S.C. § 4106A(b). Huber argues that the Commission erred by failing to award a third-level reduction for acceptance of responsibility under U.S.S.G. § 3El.l(b). She asserts that the Commission (1) erroneously found that she recanted her confession at trial (as opposed to on appeal) and (2) incorrectly applied the standard enumerated in its internal procedural manual for treaty transfer cases.[1]
The Commission did not clearly err in concluding that Huber recanted her confession at trial. The transcripts from the Mexican appellate court are the only evidence in the record on this point and are entirely ambiguous. We refuse to second-guess the Commissioris factual findings where there is not clear evidence to the contrary.
Assuming without deciding that the approach enumerated in the Commissioris internal procedural manual governs this case, see U.S. Parole Comm’n Transfer Treaty Cases, Supp. Instructions for Application of Sentencing Guidelines, § 3E1.1 (“the Instructions”), ¶ 3, we find that the Guidelines calculation was not erroneous. Huber is not entitled to any reduction under ¶ 3(A) of the Instructions because she denied her guilt at trial. A denial at trial is not “equivalent to a plea of guilty.”[2] Id. ¶3.
Even though the Commission granted Huber a two-level reduction under ¶ 3(B) of the Instructions for confessing upon transfer to the United States, the Instructions state that “[s]uch a defendant ... is not eligible for a 3-level adjustment.” In other words, the Commission was warranted in granting a two-level reduction under ¶ 3(B), but neither ¶ 3(A) or ¶ 3(B) supports a claim for an additional third-level reduction under these circumstances.[3]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

."We review the Parole Commission’s interpretation of the sentencing guidelines and interpretation of law de novo.” James v. U.S. Parole Comm'n, 159 F.3d 1200, 1203 (9th Cir.1998). "Whether a defendant is entitled to an adjustment based on acceptance of responsibility is a factual determination reviewed for clear error.” United States v. Villasenor-Cesar, 114 F.3d 970, 973 (9th Cir. 1997).

. We note that even if Huber is correct and she recanted her confession at an evidentiary hearing before an appellate court, the Commission could still determine that her conduct was not the equivalent of a guilty plea. Forcing the government to establish guilt is onerous regardless of whether the fact-finding occurs at the trial or appellate level in the foreign jurisdiction.

. Our decisions in United States v. Blanco-Gallegos, 188 F.3d 1072, 1077 (9th Cir.1999), and United States v. Gracidas-Ulibarry, 192 F.3d 926, 931 (9th Cir.1999), do not require a contrary result. Our domestic criminal cases do not address confessions under the circum *701 stances enumerated in ¶ 3(B) and, as already discussed, ¶ 3(A) does not apply.